## UNITED DISTRICT COURT OF NEW JERSEY

### for the

### District of New Jersey

Carmen A. Sexton,

Plaintiff, Petitioner Pro Se

Civil Action No._____

Complaint/Notice of Motion

For

Civil Action

Jury Trial      No

New Jersey Department of Corrections, et.al.

NJ Division of Risk Management, Davin Borg

Steven Johnson, Sean Abrams, Mervin Ganesh,

Leila Lawrence, Tamara Rudrow Steinberg

Micheal Ptasenski, Marie Mills Rogers,

NJ Riv. Risk Man.,et al., Naqeeb Abidi, Cheryl Ward.

CBIZ-Perlman Borden, Inc. et al.,John Doe, Jane Doe. et al

Mercer County Prosecutor Office, Doris Galuchie,

Elizabeth Newton,

Defendant(s)/Respondent (s)

**RECEIVED**

**DEC 08 2021**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Carmen Sexton, Plaintiff, Pro Se

625 Parkway Avenue

Mercer County, Ewing Twp.

New Jersey 08618

(609) 285-8280

Defendants

New Jersey Department of Corrections

NJSP -Law Division c/o Employees

P.O. Box 863-Whittllesey Road

Trenton, New Jersey

New Jersey Department of Corrections

Law Division-c/o Steven Johnson, Admin. NJSP 2016

P.O. Box 863-Whittlesey Road

Trenton, New Jersey

New Jersey Department of Corrections

Law Division-c/o Davin Borg, Major NJSP 2016

P.O. Box 863-Whittlesey Road

Trenton, New Jersey

New Jersey Department of Corrections

Law Division- c/o Sean Abrams-Admin. Lt. NJSP 2016

P.O. Box 863-Whittlesey Road, Trenton, New Jersey

New Jersey Department of Corrections/NJSP et. al

Law Division-c/o Lt. Ptaszenski

P.O. Box 863-Whittlesey Road, Trenton, New Jersey

New Jersey Department of Corrections/NJSP et. al

Law Division- c/o Sgt. DeFazio, Union Rep NJSP 2016

P.O. Box 863-Whittlesey Road, Trenton, New Jersey

New Jersey Department of Corrections/NJSP et. al

Law Division- Tamara Rudrow-Steinberg, Esq.

P.O. Box 863-Whittlesey Road, Trenton, New Jersey

New Jersey Department of Corrections/NJSP et. al

Law Division- c/o Laila Lawrence/EED Director

P.O. Box 863-Whittlesey Road, Trenton, New Jersey

New Jersey Division of Risk Management

c/o Cheryl Ward

P.O. Box 620, W. State St. 6th fl., Trenton, New Jersey 08625

New Jersey Division of Risk Management

c/o Naqeeb Abidi

P.O. Box 620, 20 W. State St. 6th fl., Trenton, New Jersey 08625

CBIZ-Perlman Borden, Inc.-Law Division

c/o John Doe, Jane Doe-agents/affiliates

250 Phillips Boulevard, Suite 280, Ewing, New Jersey 08618

Office of the Mercer County Prosecutor

c/o Doris M. Galuchie, First Assistant Pros.

P.O. Box 8068- 240 W. State St., 8th Floor

Trenton, New Jersey 08650-0068

Office of the Mercer County Prosecutor

c/o Elizabeth Newton, Esq.

P.O. Box 8068- 240 W. State Street

Trenton, New Jersey 08650-0068

Hamilton Police Department

c/o Michael Kenna, police officer

1270 Whitehorse-Mercerville Road

Hamilton, New Jersey 08619

## Statement of Claim

1.   I Carmen Sexton, Pro Se litigant public employee of NJDOC since December 21/1995,

(Ex.1) and being under the care and responsibility of named defendant(s) NJDOC officials

Major DAVIN Borg, Steven Johnson, Sean Abrams, Leila Lawrence, Tamara Rudrow

Steinberg, Lt. Ptaszenski. I/Carmen Sexton/Plaintiff having filed this complaint for personal

injury caused by unlawful conduct/unlawful actions in violation of 42 U.S.C. 21: committed

by Defendant(s)NJDOC-employees, Davin Borg, Sean Abrams, Steven Johnson, Leila

Lawrence, Tamara Rudrow Steinberg, Marie Mills Rogers, Micheal Ptaszenski, Richard

DeFazio, Mercer County Prosecutor Office employees et. al. Doris M. Galuchie, Elizabeth

Newton, NJ Div. Risk Management employees et. al, Cheryl Ward, CBIZ Perlman Borden

employees et. al. John Doe, Jane Doe, Hamilton Police Dept. employee Michael Kenna

operating in their official state capacities under the color of law having knowingly,

intentionally, maliciously, recklessly, negligently, failed to intervene, conspired to conceal

unlawful discriminatory actions of named defendants taken against me the Plaintiff based on

my sex and in violation of Title 18, U.S.C., Section 242 Deprivation pf rights under color of

law, 42 U.S.C. 21: 2000e 1981, 1982, 1983, 1985 , NJSA 10:5-12 NJLAD, NJSA2A:14-1.

Tortious Claim for Real and Personal Property (Employment Property) causing personal

emotional/psychological injury herein as asserted in my pleadings for claim before this

court(s). I/Petitioner further assert claims against named defendants for action(s) in violation

of Civil Rights Act of 1964, Title II. Sec. 201(a)(b)(2)(c)(d) Sec.202, Sec 203.Sec. 204.

(a)(b)(c) Sec. 204, and failure to provide reasonable accommodation in violation of Title I.

American with Disability Act, 42 U.S.C. 1211 et. seq., 29 U.S.C., CF 1630.9, and having

filed US EEOC complaints and received a Notice of Dismal and Right to Sue Letter, (EX P-

77) (EX P-159) (EX P-161) herein have filed this complaint against named defendants in the U.S. District Court of NJ for federal questions and under the federal authority Sec. 207(a) in the Civil Rights Act 1964 Title II Sec. 207(a)(b). I/Plaintiff herein request permission form the court to file a brief in excess of 40 page limit due to the date of violations occurring in 2016 and currently pendency litigation in the OAL court and NJ State Criminal Division as well as extensive medical and court records, documentation of continued incidents and violations of the named defendant's, affiliates and agents.

2.      On October 5, 2016 named defendant Davin Borg did author and circulate NJDOC/NJSP email to NJSP officials and custody supervisory staff, giving official directive to segregate and discriminate against me/Plaintiff based on my sex making me the subject of a disciplinary investigation and not the incident per se. indifferent from three male supervisors of similar Joe Reardon, Sergeant and Edward Mariconda, Sergeant, and one of superior/rank and authority Lt. Calvin Spires, who were not subject to the same indifference as it relates to the same work incident and departmental investigation of such incident. The NJSP email of Davin Borg was circulated to NJDOC upper management and NJSP officials Mervin Ganeesh, Steven Johnson, Sean Abrams and to all custody staff supervisors for enforcement of such discriminatory actions to discriminate based on my sex, intimidate, humiliate and harass and created a hostile work environment for me/plaintiff and in violation of 42 U.S.C. 21:1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2) U.S. Civil Rights Act 1964 Title II. Sec. 207(d) (EX P-14)(Ex. P-69.1) Ex. P-76)

3.      On October 5, 2016 and continuously through October 28, 2016 named defendants Steven Johnson, Davin Borg, Sean Abrams took under the October 5, 2016 NJDOC directive

email circulated for informative and enforcement purposes did discriminate against me/plaintiff/rank of sergeant by Claim(s) (1) segregating and targeted for discriminatory disciplinary action by making me/plaintiff the subject of a biased investigation versus the work incident in question disciplinary investigation wherein I/plaintiff was treated disparate and indifferent from three male sergeants Calvin Spires lieutenant, Eric Mariconda/sergeant and Reardon Spires/sergeant and 1 lieutenant that were later disciplined for their actions/inaction in the same incident as me./plaintiff, however were not targeted nor had the following punitive sanctions enforced against them pending the disciplinary investigation of the work incident occurring on October 5, 2016 in which they had greater equal or similar responsibility per their civil service title and NJSP institutional work assignments. 13 Exhibits (EX. P14-P-26) (Ex. P-76)

4.      Claim (2) On October 5, 2016 named defendants Major Borg, Steven Johnson, Sean Abrams did deny me access and segregated me from the workforce and workplace restricting my access to the lobby the facility continuously through October 28, 2016 did via NJDOOC directive email circulated to administrative upper management and all custody staff for informative and enforcement discriminatory punitive sanctions against me/plaintiff based on my sex. (Ex. P-15) (Ex. P-76)

5.      Claim 3 Defendants Major D, Borg, Stephen Johnson, Sean Abrams and Timothy Maines denied me the enjoyment of the property rights of my employment protected under the civil service title corrections officer sergeant. Defendants Major D. Borg, Steven Johnson, Sean Abrams and denied me privileges to perform the full duties afforded me under such title.

a. Claim (4) named defendants denied me of public accommodation to the workplace cafeteria for meals breaks and strictly enforced my access to the lobby of the workplace/NJSP. (Ex. P-14-26) (Ex. P-76)

b. Claim 5 On October 8, 2016 I/plaintiff inquired about available overtime opportunities and defendants' Steven Johnson, Timothy Maines, Davin Borg Administrative Major, Sean Abrams Administrative Lieutenant did deny me/plaintiff the privilege of available overtime opportunities be offered to three males supervisors involved in the same work incident occurring October 5, 2016 in which I/plaintiff was targeted and made the subject.(Ex. P18), (Ex.P19), (Ex.P76)

c. **Claim 6** On October 25, 2016 through enforcement of the October 5, 2016 NJDOC email circulated to NJSP administrative and custody staff Davin Borg/Admin. Major and Stephen Johnson, Timothy Maines and Sean Abrams in charge of disciplinary matters and implementation of NJSP policies and procedures discriminated against me/plaintiff and denied me CPR training based on my sex. (Ex. P20)(Ex.P76)

6.      On October 28, 2016 Major D. Borg and NJSP officials lifted discriminatory directive against me/Plaintiff and returned me to duty without restrictions being of no threat or potential harm any persons or public safety. I Plaintiff was not suspended or informed of any disciplinary action for the October 5, 2016 incident. (Ex.P24)

7.      **Claim 7**      On October 5, 2016 and continuously through October 28, 2016 named defendants Steven Johnson, Davin Borg, Sean Abrams, Richard DeFazio, through enforcement of October 5, 2016 NJDOC email directive for enforcement of circulated NJSP email sent to all custody supervisory staff did discriminate against me/plaintiff based on my sex by as mandated

by departmental policy for all custody to intimidate, harass, segregate me/plaintiff from workforce and caused a hostile work environment for me/plaintiff. Defendants' actions taken against me were indifferent from (2) males sergeants and (1) lieutenant who were involved in the incident of disciplinary investigation and later disciplined for action/inaction of such incident. Defendants actions intimidated, harassed and caused a hostile work environment for me/plaintiff in were in violations of   42 U.S.C. 21:1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2)  NJSA 10:5-12.(a)(b)(c)(d)(e)(f)(1)(2) (Ex. P1-P24) (Ex. P69.1) (Ex. P76)

8.    **Claim 8.** On Nov 2, 2016 I/Plaintiff suffered an emotional/psychological breakdown causing injury November 2, 2016 while at work after the accumulation of unlawful action(s) of the Davin Borg's October 5, 2016 directive to discriminate me, plaintiff and was enforced by NJDOC officials causing motional/psychological injury leaving me in need of emergency treatment from NJSP RN Bass and transferred to Robertwood Johnson Hospital for emergency medical treatment/care. On November 3, 2016 I/Petitioner was diagnosed as suffering from PTSD by primary physician Dr. Robert Silverbrook. The named defendant's actions against me/Petitioner were in violations against 42 U.S.C. 21:1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2) NJSA 10:5-12.(a)(b)(c)(d)(e)(f)(1)(2) (Ex. P1-P24) (Ex. P69.1) (Ex. P76)(Ex. P1-P26)(Ex. P27-P35)(Ex. P44)(Ex. P39) (Ex. P40)(Ex. P-62)(Ex.P70)  Defendants intentionally discriminated. intimidated, harassed and caused a hostile work environment for me/plaintiff and in violation causing me injury personal harm.

9.    **Claim 9** On November 3, 2016 NJDOC/NJSP officials Steven Johnson, Davin Borg, Sean Abrams discriminated and retaliated against me based on my sex and after taking a leave for the injury I sustained as the direct result of the discriminatory actions that deprived me of my civil and employment rights and caused my emotional and psychological injury, Defendant's in

retaliation and attempt to conceal their misconduct served me/plaintiff preliminary disciplinary charges of demotion to corrections officer sergeant and 120 day suspension indifferent from (1) male sergeant and (1) lieutenant that was also disciplined receiving only official written reprimands of 3 day suspension for same/equivalency of departmental infraction per Sean Abrams NJDOC investigation report of incident October 5, 2016. Violations NJSA 10:5-12(d) reprisals (Ex. 69.1)

10.     On November 7, 2016 I/Plaintiff initiated a workers compensation claim against Defendant NJDOC for the injury I/Plaintiff sustained. The NJDOC defendants identified and named are employees and/or designees, third party affiliates, agents' designee(s) of Plaintiff's employer. whom purposely, knowingly, recklessly, negligently acted and deprived me/Plaintiff of liberty and property rights of my employment without due process of law and additionally denied me/Plaintiff equal protection of the laws guaranteed under the Constitution of the United States of America when they took action against Plaintiff whom was employed by Defendant, unsuspended, pending a investigation of the work incident involving a suicidal inmate and NJDOC supervisors and employees, wherein no injury was done to any persons and no eminent danger to any persons or public safety. Defendants actions intimidated, harassed me/plaintiff causing further harm, of psychological and emotional injury and in violation of 42 U.S.C. 21:1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2)  (Ex.P24 )(Ex.P25) (Ex. P26)

11. **Claim 10** April 2018 NJDOC EED/AA Laila Lawrence and Victoria Kuhn EEOC Director of Law Decision conspired to conceal unlawful discriminatory action of defendants that I/Plaintiff complained about by initiating NJDOC EED complaints against Davin Borg, Steven Johnson, Sean Abrams, Chetirkin,. justified discriminatory actions of named defendants that were named in the April 2017 NJDOC complaints filed by me/plaintiff in which I complained of

the exact defendants' actions named and stated herein this matter before the court. Defendants' actions were in further caused harm and psychological/ emotional harm and blamed me/plaintiff for the treatment I received at the hands of the defendants. Defendants' actions intimidated and contributed to a hostile work environment for me/paints and wherein violation of 42 U.S.C. 21:1982,1983, 1985, 1986,1988:2000(a)(a-1) (a-2)    Defendant's actions were in violation of 42 U.S.C.21:1985, NJSA 10:5-12. (Ex. P1-P24)(Ex. P48)(Ex. P49)(Ex. P50)(Ex. P51) (Ex.P52) (Ex.P53) (Ex.P54)(Ex. P69-69.10)(Ex.P76)

12. **Claim 11.** April 17,2017 and May 10, 2017 Davin Borg, Stephen Johnson, Sean Abrams, Micheal Ptzsanski, Richard DeFazio, Marie Mills-Rogers, Elizabeth Whitmore denied/and or assisted named defendants/NJSPP officials in concealing the NJSP grievances filed by me Plaintiff for the unlawful and discriminatory actions taken against me October 5, 2016 continuously through October 28, 2016 to deny me privileges of overtime ,public accommodation of workplace cafeteria. Violations NJSA 11 *Ex. P54 P55P10 P61

13.    **Claim 12.**    October 24,2018 Tamara Rudrow, after being denied summary judgement to dismiss my/plaintiff OAL appeal on July 2018, then conspired with Doris M. Galuchie of the Mercer County Prosecutors Office to maliciously seek criminality of name/plaintiff for the October 5, 2016 by my OAL hearing, two years after NJSP investigation of NJSP incident, OAL discovery completed and hearing date set by OAL ALJ Calguire. Tamara Rudrow and Doris Galuchie did aid and abed named defendants in an attempt to conceal misconduct and U.S. civil rights violations misconduct of defendants initiating a criminal investigation in the Mercer County Prosecutors Office against me/plaintiff unwarranted without probable cause. (Ex. P97) (Ex. P98)(P90)

14. **Claim 13.** On November 2018, and March Marie Mills Rogers authored NJDOC email and threatened me/plaintiff to retire, resign or forced discharge from employment for seeking additional treatment for work injury caused by defendants on November 2, 2016 thereby denying me/Plaintiff reasonable accommodation of employment for my claimed mental psychological disability. Defendants actions intimidated, harassed and caused a hostile work environment for me/plaintiff in were in violations of )

15. **Claim 14**. Beginning app November, 2017 after filing NJSOC EED, NJDCR complaints and evidence of misconduct I/plaintiff began to be continuously harassed near around my homme continuously present Defendant, et agents of CBIZ-Perlman Borden, Risk Management agency and third-party affiliate of the State of New Jersey agents, affiliates acted on behalf of its client NJ Risk Management to target and publicly using geo ping devices technologies to harass/intimidate/destroy personal property and disturbing and depriving and disturbing Plaintiff's peace of habitation via use/misuse of geoping-ing technological equipment and devices causing Plaintiff emotional additional trauma induced release of my diagnosis Post Traumatic Syndrome Disorder resulting from my work injury caused by named defendants in this action leaving me in need of emergency care on Feb 5, 2019 and caused involuntary hospitalization for psychiatric treatment on February 12. 2019 through March 4, 2019 and ongoing treatment. Defendants conduct deprived me of my inherent and inalienable rights to life and the pursuit of happiness causing further harm and injury to me/Plaintiff via unlawful Harassing conduct, which has continued to the date of filing of this complaint . 42 U.S.C.21:1985, NJSA 10:5-12. (Ex. 137) (Ex. P105) (Ex. P108) (Ex.P109) (Ex.P110) (Ex.P111-Ex. P122) (Ex.P207) (Ex.P221) (Ex.P248), Fifth amendment protections under United States Constitution.

16. **Claim 15** On March 19, 2019 Marie Mills Rogers NJDOC HR Manager conspired with defendants to terminate my/Plaintiffs employment when she authored a NJDOC HR official correspondence to me harass me/plaintiff to retire/resign, while having sought reasonable accommodation for additional treatment under NJSA34: from my while on an approved leave authorized by the certified treating workers compensation treating psychiatrist Dr. Ali. having sought additional treatment governed under NJSA Title 34 and 29U.S.C. CF 1630.9. Defendant's motive was to have OAL of retaliatory disciplinary actions case become moot via employment termination or retirement, thereby adding and abetting the to further conceal the unlawful discriminatory actions taken against me by the named defendants42 U.S.C. 21:1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2) Defendants' action were in violation of 42 U.S.C.21:1985, NJSA 10:5-12., 29 U.S.C. CF 690.9 (Ex.P100)(Ex.P106)(Ex. P137)

17. **Claim 16** On April 23, 2019 through September 20, 2020 Defendants NJ Division of Risk Management Naqeeb Abidi Cheryl Ward denied me/plaintiff entitlement of my temporary disability benefits from April 23, 2019 through September 1, 2020 forcing Plaintiff into bankruptcy and depriving me/Plaintiff of lawful entitlement of temporary disability benefits for work injury occurring November 2, 2020 and the direct result of defendant's discriminator unlawful actions October 5, 2016 and continuously through October 28 2016 in which defendants represent NJDOC. Defendants actions intimidated, harassed and caused a hostile work environment for me/plaintiff in were in violations of 42 U.S.C. 21:1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2). Defendants' action were in violation of 42 U.S.C.21:1985, NJSA 10:5-12. (Ex. 132) 133 134 135 136 141 143 144 145 149 150 151154 160 162 163 168 169 170 171 172 176 177 178 180 181 183 185 191 192 193

18. Claim17 On August 6, 2020 Angelo Onofori Doris Galuchie Elizabeth Newton malicious prosecution criminal complaint# knowing that prosecution having not meet the elements of criminal compliant charge for prosecution for cause I/plaintiff was mentally incompetent and involuntarily hospitalized at stated crime time/place/event of alleged crime. Additionally, I/Plaintiff initiated police contact for call of help for cause of escalated PTDS symptoms after being publicly harassed and threated by agents of Perlman Silver man working on behalf of its client NJ Div. Risk Management. Violations NJSA (Ex.P) (Ex.P) (Ex.P) (Ex.P) (Ex.P) (Ex.P) (Ex.P) (Ex.P)

19. Claim 18 State of NJ, Mercer County Prosecutor Office maliciously prosecuted Complaint warrant Denying me due process and did not allow a not guilty pleas for mental incompetency under NJ Uniform conditions into the NJ Pre Trial Intervention and forfeiture of any recourse to due process thereafter if I/Plaintiff for reason circumstances was unable to successfully complete the program. State of NJ Attorney General's Uniform Guideline on Pretrial Intervention program violates defendant's fifth amendment right/protection of due process under the United States Constitution (Ex. P202A)

## INJURY

20. The defendants' forestated actions taken against me/Plaintiff beginning October 5, 2016 and continuously through October 28, 2016 and as a direct result caused me to suffer a permanent emotional and mental psychological injury diagnosed condition of post-traumatic stress disorder. The harassment and unusual work conditions and continued harassment and intimidation I/plaintiff have been subjected to by named defendant's has left me in need of medication and continuous psychological treatment due to the actions of NJDOC officials and designees and third party affiliates of the State of New Jersey it's Modus Operandi re:(NJ

Bridgegate/scandal) via utilizing agents, employees and others persons harass and cause nuisance to its perceived adversaries and/or prevent legal action or those who oppose unfairness. And in my case to prevent me from exposing illegal action and pursuing this suit against them for their illegal actions and harm done to me and additionally to avoid possible criminal persecution under New Jersey State law for their illegal actions. The Defendant(s) have caused and continues to cause me and others family, friends and close associates emotional and psychological harm via public harassment and intimidation. The injury having left me in need of psychological treatment for depressive state, causing me to lose hair, weight loss, appetite suppression, loss of interest in social organizations I had been associated with for over 20 years, avoidance of large gatherings crowds because of the excessive intensive and prolonged public intimidation and threats by Perlman Borden affiliates and agents. The abusive actions of defendant's NJDOC and third-party affiliates. and has left me in need of prescription medications to treat symptoms of nightmares, depression, anxiety. Additional harm(s) done to me/Plaintiff by Defendants extend to cause of my hair loss and weight loss, active bankruptcy, economic damages for past current future wages, and insight equitable property losses.

21.     I/Plaintiff will rely on and present the U.S. District court and Defendant(s) with documented NJDOC source evidence written statements submission and omission circulated emails, case law, court proceeding transcripts,medical/ treatment records labeled in the attached list of Exhibit (P1-P248) and submitted attached to this complaint and to be submitted to defendants/legal counsel in the exchange of discovery as determined by the court. I/Plaintiff upon court filing herein assert my claims against named defendants in the U.S. District Court of N.J. NJ for federal questions and as required by federal and state court(s) procedure to serve

notice/waiver of service on all defendants/legal counsel named in this matter to the defendants/or their legal representatives named in this complaint.

NJ District Court- Dkt. No: _____ Exhibit List

P1    NJDOC Report on progress Probationer February 25, 1997

P2    Sergeant promotion /Transfer NJSP 03/23/2013 Spec., 6pgs

P3    NJ Sup. Appell. DKT No. A2623-14T4, 3 pages

P4    Report harassment/retaliation Lt. S. Rogoshewski, 2/13/2014

P5    NJDOC EED claim/Retaliation, Lt. S. Rogoshewski, 03/23/2014, 5pgs

P6    NJDOC FMLA Leave request appoval May 27, 2014, 06/12/2014, 2pgs

P7    NJDOC-EEOC Retal. claim Lt. S. Rogogshewski, 02/13/2014, 5 pgs

P8    NJDOC-Report Unusual Incident- susp. Inmate mail, 10/25/2014

P9    NJDOC FLA Leave January 25, 2016, March 17, 2016

P10   NJDOC Minor Disc.Action, Lt. Sean Abrams, 08/6/2016

P11   Report harassment/retaliation, Lt Sean Abrams 09/13/2016, 2pgs

P12   Harassment/retaliation Lt. Sean Abrams, Sept. 19-20/2016, 2pages

P13     NJDOC Incident Inmate threat of harm, inmate Montas, Sept. 20/2016

P14     NJDOC SUBJECT incident -NJSP schedule Shift C- Oct. 05/2016

P15     NJSP Email Major D. Borg, Oct.05/2016 at 3:07am,3:15am, 3:21am

P16     NJSP Email Makor D. Borg email, Oct.05/2016 at4:15pm

P17     NJSP SCHEDULE Shift C dated Oct.06/2016

P18     NJSP Operations email denial overtime dated Oct.08/2016, 6:48am

P19     NJSP Denial Overtime Operations C.O. K. Myles, Oct.08/2016, 8:14pm

P20     NJSP Email scheduled CPR training C.O. Morton, Oct.10/2016

P21     NJSP email NJLESA union reps. Request for relief, 10/20/2016

P22     NJSP SID Report- Request help/inmate Montas, 10/26/2016

P23     NJSP Disc. sanctions inmate Montas, 9/22,27/2016, 2pgs

P24     NJSP email Major D. Borg, 10/28/2016, 2:33pm-10/5/2016 4:51pm

P25     NJSP SXHEDULE, Shift C,  10/7,8,11,19,21,28/2016-6pgs

P26     NJSP SCHEDULE Shift C, Nov. 2, 2016

P27     NJSP Report Anxiety Attack, leave treat.-11/2/2016

P28     NJSP Medical Treatment RN Bass, 11/2/2016, 2230pm, 2pgs

P29     RWJ Hospital Medical Emergency ,11/02/2016, 23:39pm, 25pgs

P30     NJ Employers report accident RWJ emerg. 11/02/2016, 2pgs.

P31     NJSP medical Release duty, 11/03/2016 4:15am

P32     RWJ Dr. Silverbrook primary,EKG, Psych.ref.,11/3/2016,10:30am, 4pgs

P33     NJ Div. Treasury/Risk Man.,accident claim denial , 11/03/2016

P34     RWJ primary FMLA Leave, Dr. Silverbrook, 11/7/2016,5pgs

P35     NJ Temp. Disability Benefits. Dr. Silverbrook, 11/7/2016, 8pgs

P36     NJSP Disciplinary action, 11/7/2016 cert. 11/3/2016

P37     NJDOC Appeal Major Disciplinary Action/NJSP 11/7/2016

P38     Psychologist Dr. J. Charauk, psych. Assmnt., 11/09/2016, 2pgs

P39     Treatment-Billing, Dr. J. Charauk Nov., 2016-Aug. 2017, 5pgs

P40     Lifeback psych.Records Req.. Teasley Nov. 2016- Apr. 2017-11pgs

P41     NJDOC/NJSP FMLA Leave req. appr., 11/30/2016

P42     Notice of required workers Comp. claim, 12/5/2016

P43     Cert. of contested workers comp. claim 12/08/2016

P44     Psych. Eval.  Dr. Chaurauk, Jan. 24, 2017, 3pgs

P45     Letter counsel Michael Brottman, Esq., 02/08/2017, 3 pages

P46     Letter TO NJDOC/HR/EED, Dr. Charuk, 03/28/2017, 4pgs

P47     NJ Div. of Civil Rights Interv. verfied complaint, 04/04/2017,17pgs

P48     EED compl. filed 4/13/2017 NJSP17:04:003, Lt. B. McGowan, Lt. Richards,5pgs

P49     EED compl. filed 4/13/2017 NJSP17:04:004, Lt. s. Abrams, Lt. Ptaszenski, 5pgs

P50     EED complaint filed 4/13/2017 NJSP17:04:005, SCO Shulas, SCO Lenahan, 5pgs

P51     EED complaint filed 4/13/2017 NJSP17:04:006, Major Davin Borg,5pgs

P52     EED complaint filed 4/13/2017 NJSP17:04:007, named Admin.NJSP, 5pgs

P53     US/EEOC complaint filed 4/17/2017  Charge #524-2017-00674, 6pgs.

P54     NJDOC/NJSP grievance #17-09 filed April 17, 2017

P55     Email 04/18/2017 at 3:07pm Lt. Ptaszenki-NJSP Adm. rejected grievance #17-09

P56     NJDOC/EED letter schedule interview, 04/20/2017

P57     NJDOC/EED Interviews/Complainant Carmen Sexton

P57.1  NJDOC/EED Interview statement, 7pgs-May 2, 2017

P57.2 NJDOC/EED Interview 05/02/2017,14 pgs. (missing pgs 8-14)

P57.3 NJDOC/EED Interview

P57.4 NJDOC/EED interview May 3, 2017, 8 pgs, received incomplete

P57.5 NJDOC/EED interview May 3, 2017, 9 pgs rec. incomplete.

P58     Letter NJDOC HR Dir., NJDOC grievances #17-09 dated 05/10/2017

P59     May 16, 2016 Return to work-Dr. Silverbrook-NJSP Sched. 05/16-6/22/2017

P60     Grievances #17-09 amend. Resubmit. to NJDOC HR, 05/10/2017, 2pgs

P61     Email retal. Lt. Ptzsanski, NJSP Admin. threat transfer, 06/02/2017, 2:57pm

P62     Workers comp. claim#2016-30555 , auth. Treatment, June 6, 2017

P63     NJDOC/NJSP discipl. hearing June 6, 2017, decision June 22, 2017, 13pgs.

P64     Appeal NJDOC/NJSP disciplinary action #2016-185, June 27, 2017, 2pgs

P65     NJDOC/NJSP notice of 120 suspension/demotion June 22, 2016

P66     NJ Dept. Labor Unempl. Appeal tribunal decision, August 23, 2017, 4pgs

P67     Unemploy. statements June 2017 through week ending Nov.16, 2017, 3pgs.

P68     Workers comp. claim #2016-3055 closing motion treat/benefits 7/18/2017

P69     NJDOC Tamara Rudrow Notice of counsel -OAL #2017-4081, 4pgs

P69.1   NJDOC /NJSP Investi. Report -Inci.10/5/2016,3pgs.-Sean Abrams

P69.2   Staff Interview- SCO Zeban, Rep. SCO Schulas, 10/6/2016

P69.3   Witness Interview-SCO Robert Feldman, Rep. SCO Schulas,10/6/2016

P69.4   Witness Interview-Rason Campbell, Rep. SCO Schulas, 10/18/2016

P69.5   Witness Interview-SCO William Clavell, Rep. SCO Schulas.10/6/2016

P69.6   Staff Member Interviewed- SCO L. Lenahan, SCO Schulas,10/18/2016

P69.7   Staff Member Inteviewed-Joe Reardon, Rep. SGT. Defazio, 10/13/2016

P69.8   Staff Interview-SGT Mariconda, Rep. SGT. DeFazio, no date

P69.9   Accused Interview-SGT Carmen Sexton, Rep. Sgt. DeFazio, 10/18/2016

P69.10 Staff Interview-Lt. Calvin Spires, Rep. Lt. Ptaszenski, 10/26/2016

P70    NJDOC Leave  Ext. Dr. Syed Ali 11/15/2017(11/02/2017-1/02/2018)

P71    Letter/email Div. Risk auth. Temp. disability benefits, 12/04/2017, 2pgs

P72    NJDOC Ext Leave-Dr. Syed Ali 12/13/2017 (12/18/2017- 01/22/2018)

P73    NJDOC Ext. Leave Dr. Syed Ali, Feb. 2018

P74    NJDOC Ext. Leave Dr. Syed Ali, March 14,2018(03/20-06/11/2018)

P75    Status Inquiry 2/20/2018 to NJDCR-Mr. Atley complaint filed April, 2017

P76    NJDOC/EED decision 04/02/2018 five named def. filed 04/13/2017,7pgs

P77    US/EEOC-Newark dismissal Notice of Rights letter 05/09/2018, 2pgs

P78    Letter NJDCR letter of request to appeal, 05/14/2018

P79    Status Inquiry NJ Civil Service Appeal-Mr. K. Tartaglia, 05/15/2018, 8pgs

P80    USEEOC letter- req. for substantive weight review/reconsid. 06/01/2018

P81    Letter NJ Civil Service appeal CVS Dkt. No:2018-3071. 6/6/2018,4pgs

P82    Status Inquiry-NJDCR .-Mr. Atley NJDOC April, 2017, 7pgs., 2pgs

P83    Status Inquiry NJDCR 06/29/2018, evidence list 9pgs

P84    *US/EEOC Subpoena NJDOC 02/12/2018,3pgs (-File Discl. July 2,2018)

P85    *US/EEOC-NJDOC charge of discr.04/25/2017, (File discl.,3pgs)

P86    Letter NJDCR letter 07/18/2018 of status complaints filed April, 2017, 2pgs

P87    US/EEOC Request Files 07/18/2018, 2pgs

P88     Letter NJDOC/EED/USEEOC-07/23/2018,4pgs

P89     *NJDOC/EED response to letter 07/23/2018, 2pgs-(undisclos.position)

P90     OAL Sum. Judg. to dismiss denied Tamara Rudrow,Esq 07/16/2018, 11pgs

P91     NJDCR Letter to withdrawal complaint, dated 07/19/2018

P92     *NJDCR File disclosure-NJDOC Document info request 5/26/2017,4pgs

P93     Letter NJDCR req. to preserve case file/withdrawal notice, 7/23/2018,2pgs

P94     Letter, Civil Service appeal withdrawal 07/23/2018

P95     Letter NJDCR request correction date stamp error, 07/30/2018

P96     NJ Civil Service appeal withdrawal response, 07/31/2018

P97     Email Crivelli, Esq, Init. Crim. Mercer Cty. Pros. 10/25/2018,3pgs

P98     Letter Mercer Cty. Pros.-OAL court delay hearing, 10/24/2018

P99     NJDOC/Leave Ext work. comp. Dr. Ali cert, 11/06/2018,7Pgs

P100.   NJDOC-Marie Mills letter harr., 11/26/2018

P101.   NJDOC Leave Ext Approval, 11/30/2018, (11/03/18-01/3/2019)

P102.   Letter Req. treat./ext. Leave Appr. 12/06/2018(11/07-1/3/2019)2pgs

P103.   Letter NJDOC leave Ext inquiry, 12/26/2018, Jan.3.2018 (2pgs)

P104.   Letter NJDOC leave Ext, inquiry, Jan.3,2019(01/04/2019-01/31/2019)

P105.   Ewing Twp. Police I2019001294 report of harass. Jan. 14, 2019 at 12:33pm, 2pgs

P106.  *NJDOC harass/denial leave time, Leave ext. physician, Jan. 30, 2019

P107.  NJDOC Leave Ext approval, 02/05/2019, (01/31/2019-02/27/2019)

P108.  Ewing Twp. Police #I2019003553 report harass., 02/05/2019 at 13:06pm, 2pgs

P109.  Ewing Twp. Police #I2019003558 report help/sick. 02/05/2019 at 13:25pm, 2pgs

P110.  Capital health emer. treatment 02/05/2019 at 13:26 Dispatch Amb.,3pgs

P111.  Capital health emer. treat. report 02/05/2019, EKG, Discharge. 21pgs

P112.  Email Ewing Twp police inquiry of inc./missing info. 02/6-9/2019,5pgs

P113.  Perlman Borden Salisbury agent-John Doe harass. Photos 02/05/2019

P114.  Email M. Brottman, Esq to DAG Cheryl Ward, harass., 02/08/2019 at 1:58pm

P115.  Email Brookdale college off. Dononvan, report harass., 02/09/2019 at 9:44am

P116.  Pictures agent Brookdale college Raritan NJ, Pat diner Trenton, NJ

P117.  Brookdale college class withdrawal receipts 01/28/2019

P118.  Ewing Twp. Police report #I2019004022 vehicle vandalism, 02/10/2019,2pgs

P119.  Hamilton Twp. 911 call request. in discovery 2019, 2020, 2021

P120.  NJ Dept. Human Serv. Outreach Police trans./sup. 2/12/2019 at 09:05am

P121.  Capital Health Crisis/ Invol. Comm. 2/12/2019-2/15/2019 *records request

P122.  Transfer Ancora P. H. Rec. req. Feb/15/2019-March 4, 2019

P123.  Detainer Feb. 15, 2019 at 10:00am Ancora P.H.

P124.  NJ Dept. Human Service Mental health request of records

P125.  NJ Supe. Ct. Crim.Div. Pretrial Rel.#W20190003091103 3/4/2019, 3pgs

P126.  Comp. Warrant Proc. Mercer Cty. Sher. March 5, 2019, 8pgs

P127.  NJ Firearm purchaser permit/Reg.#1301035,06/28/2013, 4/3/2013

P128.  NJDOC Letter Req. Leave Invol. Hosp., March 5, 2019

P129.  *NJDOC L/Ext. cert., Dr. Bajwa-Ancora P.H., 03/04/2019,6pgs

P130.  Scheduled appoint/ workers comp. psychiatrist/therapist

P131.  Property/cell phone not returned Ancora P. H. 03/06/2019

P132.  NJ Div. Risk. Naqeeb Abidi, Medical Record Release,03/07/2019

P133.  NJ Div. Risk Capital Health, Ancora P.H., 03/07/2019, Abidi

P134.  *Dr. Note-treatment-March 12/2019- Dr. Syed Ali,

P135.  *NJDOC L/Ext leave request cert. Dr. Syed Ali, 03/18/2019, 6pgs

P136.  NJDOC L/ Ext approval, 03/20/2019, (02/28/2019-03/15/2019)

P137.  NJDOC HR letter-Marie Mills to retire, 03/19/2019

P138.  Email/letter Crivelli, Esq.  Harass./safety/OAL case, 03/19/2019, 4pgs

P139.  NJDOC/NJSP Notice of Discipl. 03/20/2019, (02/12/2-10-03/04/2019)

P140.  *NJDOC/Leave Ext. Dr. Teasley, 03/22/2019(3/22/2019-11/23/2019)5pgs

P141.  Horizon Cas.-Terri Billows/Div. Risk Dr. Ali Notes, 03/25/2019, 4pgs

P142.   March 21, 2019-Treatment Lifeback , Dr. Teasley

P143.   Email M. Brottman, Esq./Div. Risk-March 29,2019-April 17, 2019

P144.   *Email M. Brottman/Div. Risk, N. Abidi, March 29, 2019, 12:52pm,

P145.   Email Div. M. Brottman, Esq/ Div. Risk N. Abidi, April02-05/2019, 3pgs

P146.   Email, Crivelli/Barbati,/Tamara Rudrow -Mercer Cty Pros..,04/06/2019, 3pgs

P147.   NJDOC/NJSP pre-termination docs./Invol. Com., March 26,2019. 3 pgs

P148.   Entry-IOP/Women's Trauma/Penn Medicine,April 08, 2019, 4pgs

P149.   Term. Temp. Dis. Ben., Div. Risk Man., N. Abidi, 04/17/2019, 4pgs

P150.   Motion reinstate Temp. Ben./Cert., M. Brottman,April 23, 2019.3pgs.

P151.   Respondent-Div. Risk-Ans. Motion Reinst. Temp. disab. Benf.

P152.   Email R. Lord. Esq/NJDOC/V. Kuhn, Esq. Hear. 04/25/2019.4 pgs

P153.   Response Comp. harass. Senator Shirley Turner, 07/11/2019,2pgs

P154.   IOP Women Trauma Penn Med.Prog.Rec. discharge 07/17/2019,70pgs

P155.   US/EEOC-Newark filed compl. #5242020001552, 10/24/2019, 3 pgs.

P156.   US/EEOC-Newark Complaint amend. #524202000152, 10/28/2019, 4 pages

P157.   US/EEOC-Newark Dismissal/Notice of Rights #524-2020-00152, 10/30/2019

P158.   US/EEOC-PA ADA-complaint #530202000599. Nov.4, 2019,6pgs

P159.   US/EEOC-Phila. Dismissal/Notice of Rights #530202000610, 11/07/2019

P160.   *NJDOC L/Ext. Cert. Dr. Syed Ali, Nov.2019(11/01/2019-12/16/2019) 6pgs

P161.   US/EEOC-Phila. Dism./Notice of Rights #530202000599, 11/8/2019

P162.   NJDOC L/Ext. Cert Dr. Teasley 12/03/ 2019,6pgs

P163.   NJDOC L/Ext. Cert. Dr. Syed Ali, 12/10/2019(06/30/2020)6Pgs

P164.   Letter report harass., Ewing Twp. Mayor Steinman, 12/20/2019

P165.   Letter report harras. Incident. Mercer Ct. Sher. Det. Seals, 12/20/2019

P166.   Letter report harras. Mercer Cty Exec. Brian Hughes, 12/26/2019, 4pgs

P167.   Bankruptcy-CHAP. 13 filed Jan 3, 2020, #20-10054-MBK

P168.   NJDOC L/Ext Cert. Dr. Syed Ali, 01/07/2020,1 pg. add cert 12/11/2019

P169.   NJDOC L/Ext. Cert. Dr. Syed Ali, 02/02/2020, 2pgs, Re: add cert 12/11/2019

P170.   NJDOC L/Ext. Cert. Dr. Teasley, March 3, 2020, 7pgs

P171.   NJDOC L/ Ext. Cert. Dr. S. Ali, March 04, 2020

P172.   NJDOC L/Ext. Cert. Dr. S. Ali, April 01, 2020

P173.   Workers Comp, ALJ Shanahan decision April 8, 2020, 11pgs

P174.   Workers Com. ALJ Puma Order May 1, 2020

P175.   Motion recon. M. Brottman,Esq. 05/11/2020

P176.   NJDOC L/Ext. Cert Dr. Syed Ali, 05/04/2020, 2pgs, Re: add cert 12/11/2019

P177.   Horizon Cas. Dr. Ali PT. Work stat.,05/11/2020, 2pgs,Re: add cert.12/11/2019

P178.  Resp. Div. Risk Ans. Motion/Partial recons. E-filed 07/28/2020

P179.  Release M. Brottman, Esq., May 15, 2020, 2pgs.

P180.  Motion partial recons./Exhibits and list filed, Pro se May 15, 2020, 80pgs

P181.  Div. Risk-Dr. Syed Ali,Progress Notes, Jun.01/2020, 6pgs.,Re: add cert, 12/1

P182.  State NJ Police report harras, June 11, 2020, 6pgs

P183.  NJDOC L/Ext. Dr. Syed Ali, 06/29/2020, 5pgs (07/01/2020-12/31/2020)

P184.  Letter affirm. Release of counsel M. Brottman, Esq.,07/16/2020

P185.  NJDOC Leave Ext. Dr. Syed Ali, -7/22/2020, 3pgs, Re: add cert 06/29/2020

P186.  OAL Notice Appearance, Tucker Moore Law,July 31, 2020, 7pgs

P187.  Indictment NJ Superior Court #20-08-0250i, August 6, 2020

P188.  August 6, 2020 Motion to Dismiss partial recon. filed 05/11/2020, 10pgs

P189.  Application for Emergent Motion, August 12, 2020, 5pgs

P190.  Notice of Motion to Stay Pending Appeal filed August 12, 2020,8pgs

P191.  NJDOC L/Ext. Dr. Syed Ali, August 19, 2020, 5pgs,

P192.  Patient assessment Treatment Dr. Syed Ali, August 19, 2020, 7pgs

P193.  Div. Risk-DAG C. Emery-ALJ Letter/Exhibits  08/26/2020

P194.  Pet.-ALJ.-Div. Risk, Exhibit List,Cert.,Brief,8/28/2020, 11pgs

P195.  Sept. 1, 2020 Trans. Work. Comp Hearing-Dr. Ali, 63pgs

P196. Div. Work. Comp. ALJ Shanahan Consent Order-Sept. 02, 2020

P197. Arraign. NJ Super. Ct.-Hon. Pereksta-9/22/2020- Indict#20-080250I,3pgs

P198. PTI information appli. Zanaib Ali, Esq., Oct.02/2020,5pgs

P199. PTI Issues/cond. of guilt plea Oct. 03/2020, 27pgs

P200. TI-Notice Interview, Martha Taylor Oct. 26, 2020

P201. NJ Weapons reg/cert.#1301035Zainab Ali, Esq. Oct.30/2020,4pgs.

P202. PTI-Issues of guilty plea Z. Ali, Esq., Non.09/2020, 3pgs

P202a. AG Uniform Guidelines on PTI Program, March 01, 2016, 7pgs

P203. NJ Super. Ct./Trans. Req.-Judge Pereksta Indict. #20-08-0250I, 11/10/2020

P204. NJ Super. Ct./Trans. Req. Hon. Peresksta, Indic.#20-08-0250I, 11/20/2021

P205. NJ Super. Ct./Trans. Req. Hon. Peresksta, Indic.#20-08-0250I, 01/08/2021

P206. NJ Super. Ct./Trans. Req. Hon. Pereksta, Indic. #20-08-0250I, 01/29/2021

P207. Report/Harass. Lawrence POLICE#212487-OF, 02/06/2021

P208. NJ Super. Ct./Trans. Req. Hon. Pereksta, Indic.#20-08-0250I,03/03/2021

P209. NJ Sup. Ct./Trans. Req. Hon. Pereksta, Indic. #20-08-0250I,03/30/2021

P210. Charles Tucker, Esq,-Issues Req. Mot./Suppress Evi./03/302021, 6pgs

P211. Charles Tucker, Esq.-April 04, 2021-Insanity Plea cause-2/12/2019

P212. NJ Sup. Ct./Trans. Req. Hon. Pereksta, Indic.#20-08-0250I, 04/15/2021

P213. PTI App. 04/16/2021, Greg Smith, Esq. dated Nov.09, 2020, 16pgs

P214. Email-PTI-Conditions/Order, April 20, 2021, 3pgs

P215. PTI- Standards and Conditions of PTI, Aug. 19, 2021

P216. PTI-Order April 20, 2021

P217. PTI-Pretrial Intervention Order of Postponement, April 16, 2021

P218. PTI-Psych. Eval, work status (P-,, May 6, 2021, 10pgs

P219. PTI-Community Service completion, May 25, 2021, 3pgs

P220. PTI-Fine Satisfied, June 30, 2021, 4pgs

P221. Report Vandalism, Falls Twp. Pol.-7pgs

P222. NJDOC Leave Ext Dr. Syed Ali, 9/16/2020

P223. NJDOC L/Ext. Dr. Syed Ali, 10/14/2020

P224. NJDOC L/Ext. Dr, Syed Ali, 11/11/2020

P225. NJDOC L/Ext. Dr. M. Teasley, 12/4/2020

P226. NJDOC L/Ext. Dr. Syed Ali, 12/09/2020

P227. NJDOC L/Ext. Dr. Syed Ali, 01/11/2021

P228. NJDOC L/Ext. Dr. Syed Ali,02/09/2021

P229. NJDOC L/Ext. Dr. Syed Ali,03/09/2021

P230. NJDOC L/Ext. Dr. Syed Ali, 04/06/2021

P231.  NJDOC L/Ext. Dr. Syed Ali, 05/04/2021

232.  NJDOC L/Ext. Dr. Syed Ali, 06/02/2021

P233.  NJDOC L/Ext. Dr. Syed Ali, 06/30/2021

P234.  NJDOC L/Ext. Dr. Syed Ali, 07/28/2021

P235.  NJDOC L/Ext. Dr. Syed Ali, 08/25/2021

P236.  NJDOC L/Ext. Dr. Syed Ali, 09/22/2021

P237.  NJDOC L/Ext. Dr. Syed Ali, 10/20/2021

P238.  NJDOC L/Ext-Dr. Syed Ali, 11/17/2021

P239.  CVS Prescription Med 2016-2021

P240.  NJDOC Leave Ext Dr. Syed Ali, Dec. ,2021

P241.  Lifeback Treatment Records

P242.  U.S. District Court Case Case 3:20-CV-01703 FLW-ZNQ, 11/2020, Tucker      Moore
Law counsel December 2020, Hon. Z. Quraishi

P243.  Pt. Correspondence Dr. Syed Ali 2020, 2021

P244.  Client Correspoindence Tucker Moore Law Group-Charles Tucker

P245.  NJDOC/NJSP Overtime slips

P246.  OAL Case Dkt#  correspondence 2018,2019,2020 present

P247.  Threat/harm-vehicle Accident Report Lawrence Twp. 11/16/2021

**Relief**

25.     I/Plaintiff seek relief from the U.S. District Court of New Jersey Superior Court against

the named Defendants, I/Plaintiff herein seek the following relief:

(1) NJDOC named Defendants, third party affiliates agents of defendants to cease and desist

all and any further illegal surveillance and actions to intimidate and harass me/Plaintiff

via third party employees, agents and affiliates and the use of geoping-ing technological

devices being used to harass and cause harm in or to circumvent justice in this matter

before the court.

(2) Injuctive Relief from malicious prosecution of State of NJ Mercer Vintage-Judge

Pereksta, Indictment # of named defendants and employees of Mercer County

Prosecutors office, August 2020, April 2021

(3) Federal question PTI Uniform Guideline requiring guilty pleas for entry into program

and forfeiture of due process rights under the U.C. Constitution Fifth amendment rights

for cause of mental incapacity/incompetence

(4) Injunctive Relief from discriminatory retaliatory disciplinary sanctions of taken against

me/plaintiff by named defendants and pending on appeal since 2019 in the NJ Office of

Administrative Law.

(5) Tolling for having been misled about the validity of claims were unsubstantiated by

NJDOC EED, NJDCR, NJ Civil Service Commission  all stating claims of agency

backlog and the inability to investigate and process my complaints against named

defendants. Having violated my trust and being persuaded and tricked into withdrawing

filed complaints from the perspective state agencies, and being unaware that the

complaints could/should have remained in the named state agencies for investigation and

final determination.

(7) I/Plaintiff seeks compensatory Defendants in excess of \$75,000 and stipulated by the court(s) for emotional and psychological harm, loss of income, personal property damage loss, loss/ past future wage loss opportunities for cause of Defendants illegal actions.

(8) Plaintiff seeks punitive damages from Defendants in excess of \$300,000 maximum allowable as stipulated by the court(s)/jury trial for the emotional and psychological harm, duress, distress, caused by Defendants illegal actions.

(9) Plaintiff seeks compensatory damages from Defendants for pain and suffering in excess of \$75,000 as stipulated by the courts for harm done by Defendants illegal actions.

## Certification of Plaintiff

I Carmen Sexton, Pro Se Plaintiff declares under penalty of perjury that the foregoing is true and correct. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I/Plaintiff having filed this complaint Pro Se agree to provide the Clerk's office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Signed this _____ day of _____, 2021

Printed name of Plaintiff _CARMEN A. SEXTON_

Signature of Plaintiff _____

Mailing Address: 625 Parkway Avenue, Ewing, New Jersey 08618

Telephone _(609) 285-8280_  Email _csexton70@gmail.com_

**Notary**

I _Harshadkumar Patel_ a certified notary in the State of New Jersey affirms that
_Carmen A. Sexton_ appeared personally before me and presenting the foregoing
document on _8th_ day of _December_ 2021.

N.J. State Id. DL# _S 2975 1161 51702_  Exp _01-03-2023_

Notary I.D. Name/Business _Harshadkumar Patel_  Exp. _02 05 2024_

Signature _____  Date _12 08 2021_

HARSHADKUMAR PATEL
*NOTARY PUBLIC OF NEW JERSEY*
*My Commission Expires 2/5/2024*