**UNITED DISTRICT COURT OF NEW JERSEY**

**for the**

**District of New Jersey**

Carmen A. Sexton, Pro Se

Plaintiff, Petitioner

Civil Action No. 3:21-cv-20404-FLW-DEA

Complaint /**AMENDED 12-27-2021**

**For**

**Civil Action**

Jury Trial **NO**

**v.**

RECEIVED

DEC 27 2021

AT 8:30________M
WILLIAM T. WALSH
CLERK

New Jersey Department of Corrections, Et. Al.

Davin Borg, Steven Johnson, Sean Abrams, Mervin Ganesh

Leila Lawrence, Victoria Kuhn, Marie Mills Rogers

Tamara Rudrow Steinberg, Michael Ptaszenski, Richard DeFazio,

NJ Riv. Risk Man., Et. Al., Naqeeb Abidi, Cheryl Ward.,

CBIZ-Perlman Borden, Inc. Et Al., Douglas C. Borden,

Jeffery Perlman aka Jeff Perlman, John Doe/agent, Jane Doe/agent,

Mercer County Prosecutor Office Et. Al., Angelo J. Onofri,

Doris, M. Galuchie, Elizabeth Newton, Hamilton Twp. Police Dept. Et. Al.,

Michael Kenna

Defendant(s)/Respondent (s)

Carmen Sexton, Plaintiff, Pro Se

625 Parkway Avenue, Mercer County,

Ewing Twp., New Jersey 08618

(609) 285-8280

**Defendant's**

New Jersey Department of Corrections-Commissioner
Law Division: c/o Davin Borg NJSP, Major 2016
1300 Stuyvesant Avenue-Law Division, Trenton, New Jersey 08618

New Jersey Department of Corrections- Commissioner
Law Division-c/o Steven Johnson, Admin. NJSP 2016
1300 Stuyvesant Avenue-Law Division, Trenton, New Jersey 08618

New Jersey Department of Corrections- Commissioner
Law Division-c/o Sean Abrams, Lieutenant NJSP 2016
1300 Stuyvesant Avenue, Trenton, New Jersey 08618

New Jersey Department of Corrections-Commissioner
Law Division- c/o Mervin Ganesh-Ass. Admin. NJDOC 2016
1300 Stuyvesant Avenue, Trenton, New Jersey 08618

New Jersey Department of Corrections-Commissioner
Law Division: c/o Michael Ptaszenski NJSP, Lieutenant 2016
1300 Stuyvesant Avenue, Trenton, New Jersey 08618

New Jersey Department of Corrections-Commissioner
Law Division: c/o Richard. DeFazio, Union Rep NJSP 2016
1300 Stuyvesant Avenue, Trenton, New Jersey 08618

New Jersey Department of Corrections-Commissioner
Law Division: c/o Tamara Rudrow-Steinberg, Esq. NJDOC 2017
1300 Stuyvesant Avenue, Trenton, N.J. 08618

New Jersey Department of Corrections-Commissioner
Law Division- c/o Leila Lawrence/EED Director 2017
1300 Stuyvesant Avenue-Law Division, Trenton, New Jersey 08618

New Jersey Department of Corrections-Commissioner
Law Division- c/o Victoria Kuhn, Director, NJDOC 2017
1300 Stuyvesant Avenue, Trenton, New Jersey 08618

New Jersey Department of Corrections-Commissioner
Law Division- c/o Marie Mills Rogers NJDOC HR Manager 2016-2019
1300 Stuyvesant Avenue, Trenton, New Jersey 08618

New Jersey Attorney General-DRM
c/o NJDOC, Et. Al. Defendant's Re: U.S. District Court NJ 3:21-cv-20404-FLW-DEA
20 W. State Street, Sixth Floor, Trenton, New Jersey 08625

NJ Attorney General- DRM
c/o Cheryl Ward
20 W. State St. 6th Floor., Trenton, New Jersey 08625

New Jersey Division of Risk Management
c/o Naqeeb Abidi
20 W. State St. 6th Floor, Trenton, New Jersey 08625

CBIZ-Perlman Borden, Inc.-Law Division
c/o John Doe, Jane Doe-agents/affiliates
250 Phillips Boulevard, Suite 280, Ewing, New Jersey 08618

CBIZ, Inc c/o Perlman Borden John/Jane Doe
6050 Oak Tree Blvd., St 500
Cleveland, OH 44131

CBIZ-Perlman Borden, Inc.-Law Division
c/o Jeff Perlman aka Jeffery Perlman
250 Phillips Boulevard, Suite 280, Ewing, New Jersey 08618

CBIZ, Inc c/o Jeffery Perlman aka Jeffery Perlman
6050 Oak Tree Blvd., St 500
Cleveland, OH 44131

CBIZ-Perlman Borden, Inc.-Law Division
c/o Douglas C. Borden
250 Phillips Boulevard, Suite 280, Ewing, New Jersey 08618

CBIZ, Inc c/o Douglas C. Borden
6050 Oak Tree Blvd., St 500
Cleveland, OH 44131

Office of the Mercer County Prosecutor
c/o Angelo J. Onofri, Prosecutor Mercer County.
209 S. Broad Street, 3rd Floor, Trenton, New Jersey 08650-0068

Office of the Mercer County Prosecutor
c/o Doris M. Galuchie, First Assistant Pros, Mercer County.
209 S. Broad Street, 3rd Floor, Trenton, New Jersey 08650-0068

Office of the Mercer County Prosecutor
c/o Elizabeth Newton, Esq., Mercer County
209 S. Broad Street, 3rd Floor, Trenton, New Jersey 08650-0068

Mercer County Administration-County Executive
Attention: Law Division c/o Angelo J. Onofri, Mercer County Prosecutor
620 S. Broad Street, Trenton, N.J. 08611

Mercer County Administration-County Executive
Attention: Law Division c/o Doris M. Galuchie, Ass. Prosecutor
640 S. Broad Street, Trenton, New Jersey 08611

Mercer County Administration-County Executive
Attention: Law Division c/o Elizabeth Newton
640 S. Broad, Street, Trenton, New Jersey 08611

Hamilton Police Department, ET Al.
c/o Michael Kenna, Police Officer 2019
1270 Whitehorse-Mercerville Road
Hamilton, New Jersey 08619

Hamilton Twp. Municipal Clerk
2090 Greenwood Avenue, Room 210
c/o Michael Kenna Hamilton Police Dept.
Hamilton Twp, New Jersey 08650

**Statement of Claims**

1. I Carmen Sexton, Pro Se litigant public employee of NJDOC since December 21/1995, (Ex.1) and being under the care and responsibility of named defendant(s) NJDOC officials Major Davin Borg, Steven Johnson, Sean Abrams, Leila Lawrence, Tamara Rudrow Steinberg, Michael Ptaszenski. I/Carmen Sexton/Plaintiff having filed this complaint for personal injury caused by unlawful conduct/unlawful actions in violation of 42 U.S.C. 21: committed by Defendant(s)NJDOC-employees, Davin Borg, Sean Abrams, Steven Johnson, Leila Lawrence, Tamara Rudrow Steinberg, Marie Mills Rogers, Michael Ptaszenski, Richard DeFazio, Mercer County Prosecutor Office employees et. al. Doris M. Galuchie, Elizabeth Newton, NJ Div. Risk Management employees et. al, Cheryl Ward, CBIZ Perlman Borden employees/agents et. al. John Doe, Jane Doe, Hamilton Police Dept. employee Michael Kenna operating in their official state capacities under the color of law having knowingly, intentionally, maliciously, recklessly, negligently, failed to intervene, conspired to conceal unlawful discriminatory actions of named defendants taken against me the Plaintiff based on my sex and in violation of Title 18, U.S.C., Section 242 Deprivation pf rights under color of law, 42 U.S.C. 21: 2000e 1981,1981(a) 1982, 1983, 1985,1996 NJSA 10:5-12 NJLAD, NJSA 2A:14-1. Tortious Claim for Real and Personal Property (Employment Property) causing personal emotional/psychological injury herein as asserted in my pleadings for claim before this court(s). I/Petitioner further assert claims against named defendants for action(s) in violation of Civil Rights Act of 1964, Title II. Sec. 201(a)(b)(2)(c)(d) Sec.202, Sec 203.Sec. 204. (a)(b)(c) Sec. 204, and failure to provide reasonable accommodation in violation of Title I. American with Disability Act, 42 U.S.C. 1211 et. seq., 29 U.S.C., CF 1630.9, and having filed US EEOC complaints and received a Notice of Dismal and Right to Sue Letter, (EX P-77) (EX P-159) (EX P-161) herein have filed this

complaint against named Defendants in the U.S. District Court of NJ for federal questions and under the federal authority Sec. 207(a) in the Civil Rights Act 1964 Title II Sec. 207(a)(b). I/Plaintiff herein request permission form the court to file a brief in excess of 40 page limit due to the date of violations occurring in 2016 and currently pendency litigation in the OAL court and NJ State Criminal Division as well as extensive medical and court records, documentation of continued incidents and violations of the named defendant's, affiliates and agents.

2. On October 5, 2016 named defendant Davin Borg did author and circulate NJDOC/NJSP email to NJSP officials and custody supervisory staff, giving official directive to segregate and discriminate against me/Plaintiff based on my sex making me the subject of a disciplinary investigation and not the incident per se. indifferent from three male supervisors of similar Joe Reardon, Sergeant and Edward Mariconda, Sergeant, and one of superior/rank and authority Lt. Calvin Spires, who were not subject to the same indifference as it relates to the same work incident and departmental investigation of such incident. The NJSP email of Davin Borg was circulated to NJDOC upper management and NJSP officials Mervin Ganesh, Steven Johnson, Sean Abrams and to all custody staff supervisors for enforcement of such discriminatory actions to discriminate based on my sex, intimidate, humiliate and harass and created a hostile work environment for me/plaintiff and in violation of 42 U.S.C. 21:1981, 1981(a),1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2) U.S. Civil Rights Act 1964 Title II. Sec. 207(d) (EX P-14) (Ex. P-69.1) Ex. P-76)

3. On October 5, 2016 and continuously through October 28, 2016 named defendants Steven Johnson, Davin Borg, Sean Abrams took under the October 5, 2016 NJDOC directive email circulated for informative and enforcement purposes did discriminate against me/plaintiff/rank of sergeant by **Claim (1)** segregating and targeted for discriminatory

disciplinary action by making me/plaintiff the subject of a biased investigation versus the work incident in question disciplinary investigation wherein I/plaintiff was treated disparate and indifferent from three male sergeants Calvin Spires lieutenant, Eric Mariconda/sergeant and Reardon Spires/sergeant and one lieutenant that were later disciplined for their actions/inaction in the same incident as me./plaintiff, however were not targeted nor had the following punitive sanctions enforced against them pending the disciplinary investigation of the work incident occurring on October 5, 2016 as I/Plaintiff in different from male employees who had greater, equal or similar responsibility per their civil service titles and NJSP institutional work assignments. 13 Exhibits (EX. P14-P-26) (Ex. P-76)

4. **Claim (2)** On October 5, 2016 named defendants Major Borg, Steven Johnson, Sean Abrams did deny me access and segregated me from the workforce and workplace restricting my access to the lobby the facility continuously through October 28, 2016 did via NJDOOC directive email circulated to administrative upper management and all custody staff for informative and enforcement discriminatory punitive sanctions against me/plaintiff based on my sex. (Ex. P-15) (Ex. P-76)

5. **Claim 3** Defendants Major D, Borg, Stephen Johnson, Sean Abrams denied me the enjoyment of the property rights of my employment protected under the civil service title corrections officer sergeant. Defendant's Major D. Borg, Steven Johnson, Sean Abrams and denied me privileges to perform the full duties afforded me under such title.

**(a.) Claim 4** Davin Borg, Steven Johnson, Sean Abrams denied me of public accommodation to the workplace cafeteria for meals breaks and strictly enforced my access to the lobby of the workplace/NJSP. (Ex. P-14-26) (Ex. P-76)

(b.) **Claim 5** On October 8, 2016 I/plaintiff inquired about available overtime opportunities and defendants' Steven Johnson, Davin Borg Administrative Major, Sean Abrams Administrative Lieutenant did deny me/plaintiff the privilege of available overtime opportunities be offered to three males supervisors involved in the same work incident occurring October 5, 2016 in which I/plaintiff was targeted and made the subject. (Ex. P18), (Ex.P19), (Ex.P76)

c. **Claim 6** On October 25, 2016 through enforcement of the October 5, 2016 NJDOC email circulated to NJSP administrative and custody staff Davin Borg/Admin. Major and Stephen Johnson, and Sean Abrams in charge of disciplinary matters and implementation of NJSP policies and procedures discriminated against me/plaintiff and denied me CPR training based on my sex. (Ex. P20)(Ex.P76)

6. On October 28, 2016 Major D. Borg and NJSP officials lifted discriminatory directive against me/Plaintiff and returned me to duty without restrictions being of no threat or potential harm any persons or public safety. I Plaintiff was not suspended or informed of any disciplinary action for the October 5, 2016 incident. (Ex.P24)

7. **Claim 7** On October 5, 2016 and continuously through October 28, 2016 named Defendant's Steven Johnson, Davin Borg, Sean Abrams, Michael Ptaszenski, Richard DeFazio, through enforcement of October 5, 2016 NJDOC email directive for enforcement of circulated NJSP email sent to all custody supervisory staff did discriminate against me/plaintiff based on my sex by as mandated by departmental policy for all custody to intimidate, harass, segregate me/plaintiff from workforce and caused a hostile work environment for me/plaintiff. Defendants' actions taken against me were indifferent from (2) males sergeants and (1) lieutenant who were involved in the incident of disciplinary investigation and later disciplined for action/inaction of such incident. Defendants actions intimidated, harassed and caused a hostile work environment

for me/plaintiff in were in violations of 42 U.S.C. 21:1981, 1981(a),1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2) NJSA 10:5-12.(a)(b)(c)(d)(e)(f)(1)(2) (Ex. P1-P24) (Ex. P69.1) (Ex. P76)

8. **Claim 8.** On Nov 2, 2016 I/Plaintiff suffered an emotional/psychological breakdown from abuse in the workplace and causing me injury November 2, 2016 while at work after the accumulation of unlawful action(s) of the Davin Borg's October 5, 2016 directive to discriminate me, plaintiff and was enforced by NJDOC officials causing motional/psychological injury leaving me in need of emergency treatment from NJSP RN Bass and transferred to Robertwood Johnson Hospital for emergency medical treatment/care. On November 3, 2016 I/Petitioner was diagnosed as suffering from PTSD by primary physician Dr. Robert Silverbrook. The named defendant's actions against me/Petitioner were in violations against 42 U.S.C. 21:1981, 1981(a),1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2) NJSA 10:5-12.(a)(b)(c)(d)(e)(f)(1)(2) (Ex. P1-P24) (Ex. P69.1) (Ex. P76)(Ex. P1-P26)(Ex. P27-P35)(Ex. P44)(Ex. P39) (Ex. P40)(Ex. P-62)(Ex.P70) Defendants intentionally discriminated, intimidated, harassed and caused a hostile work environment for me/plaintiff and in violation causing me injury personal harm.

9. **Claim 9** On November 3, 2016 NJDOC/NJSP officials Steven Johnson, Davin Borg, Sean Abrams discriminated and retaliated against me based on my sex and after taking a leave for the injury I sustained as the direct result of the discriminatory actions that deprived me of my civil and employment rights and caused my emotional and psychological injury, Defendant's in retaliation and attempt to conceal their misconduct served me/plaintiff preliminary disciplinary charges of demotion to corrections officer sergeant and 120 day suspension indifferent from (1) male sergeant and (1) lieutenant that was also disciplined

receiving only official written reprimands of 3 day suspension for same/equivalency of departmental infraction per Sean Abrams NJDOC investigation report of incident October 5, 2016. Violations NJSA 10:5-12(d) reprisals (Ex. 69.1)

10. On November 7, 2016 I/Plaintiff initiated a workers compensation claim against my employer, Defendant NJDOC for the injury I/Plaintiff sustained. The NJDOC Defendant's identified and named are employees and/or designees, third party affiliates, agents' designee(s) of Plaintiff's employer. whom purposely, knowingly, recklessly, negligently acted and deprived me/Plaintiff of liberty and property rights of my employment without due process of law and additionally denied me/Plaintiff equal protection of the laws guaranteed under the Constitution of the United States of America when they took action against Plaintiff whom was employed by Defendant, unsuspended, pending a investigation of the work incident involving a suicidal inmate and NJDOC supervisors and employees, wherein no injury was done to any persons and no eminent danger to any persons or public safety. Defendants actions intimidated, harassed me/plaintiff causing further harm, of psychological and emotional injury and in violation of 42 U.S.C. 21:1981, 1981(a),1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2) (Ex.P24) (Ex.P25) (Ex. P26)

11. **Claim 10** April 2018 NJDOC EED/AA Laila Lawrence and Victoria Kuhn EEOC Director of Law Decision conspired to conceal unlawful discriminatory action of defendants that I/Plaintiff complained about by initiating NJDOC EED complaints against Davin Borg, Steven Johnson, Sean Abrams, justified the discriminatory actions of named Defendant's that were named in the April 2017 NJDOC complaints filed by me/Plaintiff in which I complained of the exact defendants' actions named and stated herein this matter before the court. Defendants' actions were in further caused harm and psychological/ emotional harm and blamed me/plaintiff

for the treatment I received at the hands of the defendants. Defendants' actions intimidated and contributed to a hostile work environment for me/paints and wherein violation of 42 U.S.C. 21:1981,1981(a),1982,1983, 1985, 1986,1988:2000(a)(a-1) (a-2), NJSA10:6-2(a) (b)(c)(d)(e) (f) Defendant's actions were in violation of 42 U.S.C.21:1985, NJSA 10:5-12. (Ex. P1-P24)(Ex. P48)(Ex. P49)(Ex. P50)(Ex. P51) (Ex.P52) (Ex.P53) (Ex.P54)(Ex. P69-69.10)(Ex.P76)

12. **Claim 11.** April 17,2017 and May 10, 2017 Davin Borg, Steven Johnson, Sean Abrams, Michael Ptaszenski, Richard DeFazio, Marie Mills-Rogers, denied/and or assisted named defendants/NJSPP officials in concealing the NJSP grievances filed by me Plaintiff for the unlawful and discriminatory actions taken against me October 5, 2016 continuously through October 28, 2016 to deny me privileges of overtime, public accommodation of workplace cafeteria. Violations NJSA 11 *Ex. P54 P55P10 P61

13. **Claim 12.** October 24,2018 Tamara Rudrow Steinberg, after being denied summary judgement to dismiss my/plaintiff OAL appeal on July 2018, then conspired with Doris M. Galuchie of the Mercer County Prosecutors Office to maliciously seek criminality of name/plaintiff for the October 5, 2016 by my OAL hearing, two years after NJSP investigation of NJSP incident, OAL discovery completed, and hearing date set by OAL ALJ Calguire. Tamara Rudrow Steinberg and Doris M. Galuchie did aid and abed named defendants in an attempt to conceal misconduct and U.S. civil rights violations misconduct of defendants initiating a criminal investigation in the Mercer County Prosecutors Office against me/plaintiff unwarranted without probable cause. NJSA11A:2-24, Protection against reprisals, NJSA 10:5-38 Persons entitled to bring enforcement actions, (Ex. P97) (Ex. P98)(P90)

14. **Claim 13.** On November 2018, and March Marie Mills Rogers authored NJDOC email and threatened me/plaintiff to retire, resign or forced discharge from employment after

I/Plaintiff sought additional time for treatment for work injury caused by defendants on November 2, 2016 thereby denying me/Plaintiff reasonable accommodation of employment for my claimed mental psychological disability. Defendant's actions intimidated, harassed, and caused a hostile work environment for me/Plaintiff were in violations of U.S.C.A. 1210 et. seq. ADA 1990, 42 U.S.C.A. 12101 et. seq., NJLAD 10:5-12 et. seq.,

15. **Claim 14**. Beginning app November, 2017 after filing NJSOC EED, NJDCR complaints and evidence of misconduct I/plaintiff began to be continuously harassed near around my home continuing to the filing of this complaint Defendant NJDOC Respondent Superior , et agents of CBIZ-Perlman Borden, Risk Management agency and third-party affiliate hired by Defendant NJDOC and the NJ Div. Risk Management and charged with investigating NJ State employees claiming medical injuries. CBIZ, Inc. Perlman Borden did target me/plaintiff and publicly harass me using geo ping devices technologies to discriminate, harass, intimidate, destroy personal property and disturbing and depriving and disturbing Plaintiff's peace of habitation via use/misuse of such and other technological equipment and devices causing me/Plaintiff emotional additional trauma induced release of my diagnosis Post Traumatic Syndrome Disorder resulting from my work injury caused by named defendants in this action leaving me in need of emergency care on Feb 5, 2019 and caused involuntary hospitalization for psychiatric treatment on February 12. 2019 through March 4, 2019 and ongoing treatment. CBIZ, Inc. Perlman Borden did at all times relevant to claims herein acted in and on the behalf of Defendant NJDOC, my/Plaintiff's employer, who was out of work on a claimed work injury. At all times relevant hereto, Defendant NJDOC was liable and responsible for the conduct of its third-party contractor CBIZ, Inc. Perlman Borden either directly or indirectly and/or vicariously under the doctrine of Respondent Superior. Defendants conduct deprived me/Plaintiff of my

inherent and inalienable rights to life and the pursuit of happiness causing further harm and injury to me/Plaintiff via unlawful Harassing conduct, which has continued to the date of filing of this complaint . violations U.S. Constitution Bill of rights inalienable rights to life, liberty and the pursuit of happiness, 42 U.S.C.A 12203 (b), 42 U.S.C.A 12101 et. al. 42 U.S.C.21:1985, NJSA 10:5-12. (a) (Ex. 137) (Ex. P105) (Ex. P108) (Ex. P109) (Ex.P110) (Ex.P111-Ex. P122) (Ex.P207) (Ex.P221) (Ex.P248), Fifth amendment protections under United States Constitution.

16. **Claim 15** On March 19, 2019 Marie Mills Rogers NJDOC HR Manager conspired with defendants to terminate my/Plaintiffs employment when she authored a NJDOC HR official correspondence to me harass me/Plaintiff to retire/resign, while having sought reasonable accommodation for additional treatment under NJSA34: from my while on an approved leave authorized by the certified treating workers compensation treating psychiatrist Dr. Ali. having sought additional treatment governed under NJSA Title 34 and 29 U.S.C. CF 1630.9. Defendant's motive was to have OAL of retaliatory disciplinary actions case become moot via employment termination or retirement, thereby adding and abetting the to further conceal the unlawful discriminatory actions taken against me by the named defendants42 U.S.C. 21:1982,1983, 1985, 1986,1988:2000(a)(a-1)(a-2) Defendants' action were in violation of 42 U.S.C.21:1985, NJSA 10:5-12., 29 U.S.C. CF 690.9 (Ex.P100)(Ex.P106)(Ex. P137)

17. **Claim 16** On April 23, 2019 through September 20, 2020 Defendants NJ Division of Risk Management Naqeeb Abidi Cheryl Ward denied me/plaintiff entitlement of my temporary disability benefits from April 23, 2019 through September 1, 2020 forcing Plaintiff into bankruptcy and depriving me/Plaintiff of lawful entitlement of temporary disability benefits for work injury occurring November 2, 2020 and the direct result of defendant's discriminator unlawful actions October 5, 2016 and continuously through October 28 2016 in which

defendants represent NJDOC. Defendants actions intimidated, harassed and caused a hostile work environment for me/plaintiff in were in violations of 42 U.S.C. 21:1982,1983, 1985, 1986,1988 2000(a)(a-1)(a-2). Defendants' actions were in violation of 42 U.S.C.21:1981, 1981(a),1985, NJSA 10:5-12. (Ex.'s) P132, P133, P134, P135, P136, P141, P143, P144, P145, P149, P150, P151,P154, P160, P162, P163, P168, P169, P170, P171, P172, P176, P177, P178, P180,P181, P183, P185, P191, P192, P193.

18. **Claim 17** On August 6, 2020 the Mercer County Prosecutor; Office employees Angelo Onofri, Doris Galuchie and Elizabeth Newton did malicious prosecution and withheld evidence of Plaintiff's psychiatric involvement of Dept. of Human Services, involuntary commitment to psychiatric facility, 911 call for help placed by Plaintiff, Hamilton police officer body cam and patrol car audio footage the alleged arrest related to the State of NJ criminal complaint warrant # 1103W2019000309 under NJ State Indictment #20-08-02501. Named Defendants did knowingly and maliciously prosecute me/Plaintiff having not meet the elements of criminal compliant charge for Unlawful possession of a handgun 2C:39-5B(1) for cause I/plaintiff at the time of the alleged arrest was mentally incompetent and involuntarily hospitalized at stated crime time/place/event of the alleged crime/criminal offense. Additionally, I/Plaintiff initiated police contact for call of help for cause of escalated PTDS symptoms after being publicly harassed and threated by agents of Perlman Borden CBIZ working on behalf of its client NJ Div. Risk Management. Violations, U.S. Constitution fifth amendment deprivation of Due Process, NJSA 10:5-12(d)(e)(Ex.P119) (Ex.P120) (Ex.P121) (Ex.P122) (Ex.P123) (Ex.P124) (Ex.P125) (Ex.P126), (Ex. P127)

19. **Claim 18** State of NJ, Mercer County Prosecutor Office maliciously prosecuted Complaint warrant Denying me due process and did not allow a not guilty pleas for mental

incompetency under NJ Uniform conditions into the NJ Pre Trial Intervention and forfeiture of any recourse to due process thereafter if I/Plaintiff for reason circumstances was unable to successfully complete the program. State of NJ Attorney General's Uniform Guideline on Pretrial Intervention program violated my/Plaintiff's fifth amendment right/protection of due process under the United States Constitution (Ex. P202A)

**Injury**

20. The defendants' forestated actions taken against me/Plaintiff beginning October 5, 2016 and continuously through October 28, 2016 and as a direct result caused me to suffer a permanent emotional and mental psychological injury diagnosed condition of post-traumatic stress disorder. The harassment and unusual work conditions and continued harassment and intimidation I/plaintiff have been subjected to by named defendant's has left me in need of medication and continuous psychological treatment due to the actions of NJDOC officials and designees and third party affiliates of the State of New Jersey and is it's Modus Operandi re: (NJ Bridgegate/scandal) via utilizing agents, employees and others persons harass and cause nuisance to its perceived adversaries and/or prevent legal action to or those who oppose unfairness and protection under state and federal statutes. And in my case to prevent me from exposing illegal action and pursuing this suit against them for their illegal actions and harm done to me and additionally to avoid possible criminal persecution under New Jersey State law for their illegal actions. The Defendant(s) have caused and continues to cause me and others family, friends and close associates emotional and psychological harm via public harassment and intimidation. The injury having left me in need of psychological treatment for depressive state, causing me to lose hair, weight loss, appetite suppression, loss of interest in social organizations I had been associated with for over 20 years, avoidance of large gatherings crowds because of the excessive

intensive and prolonged public intimidation and threats by Perlman Borden affiliates and agents. The abusive actions of defendant's NJDOC and third-party affiliates. and has left me in need of prescription medications to treat symptoms of nightmares, depression, anxiety. Additional harm(s) done to me/Plaintiff by Defendants extend to cause of my hair loss and weight loss, active bankruptcy, economic damages for past current future wages, and insight equitable property losses.

**Relief**

21. I/Plaintiff seek relief from the U.S. District Court of New Jersey Superior Court against the named Defendants, I/Plaintiff herein seek the following relief:

(I) NJDOC named Defendants, third party affiliates agents of defendants to cease and desist all and any further illegal surveillance and actions to intimidate and harass me/Plaintiff via third party employees, agents and affiliates and the use of geoping-ing technological devices being used to harass and cause harm in or to circumvent justice in this matter before the court.

(II) Injunctive Relief from malicious prosecution of State of NJ Mercer Vintage-Judge Pereksta, Indictment # of named defendants and employees of Mercer County Prosecutors office, August 2020, April 2021

(II) Federal question PTI Uniform Guideline requiring guilty pleas for entry into program and forfeiture of due process rights under the U.C. Constitution Fifth amendment rights for cause of mental incapacity/incompetence at the time of alleged crime on February 12, 2019.

(IV) Injunctive Relief from discriminatory retaliatory disciplinary sanctions of taken against me/plaintiff by named defendants and pending on appeal since 2019 in the NJ Office of Administrative Law.

(V) Tolling for having been misled about the validity of claims were unsubstantiated by NJDOC EED, NJDCR, NJ Civil Service Commission all stating claims of agency backlog and the inability to investigate and process my complaints against named defendants. Having violated my trust and being persuaded and tricked into withdrawing filed complaints from the perspective state agencies and being unaware that the complaints could/should have remained in the named state agencies for investigation and final determination.

(VI.) Tolling for my/plaintiff's period of incapacitation, hospitalized, and periods of extensive treatment programs caused by defendants public harassing and criminal acts to sending third party affiliates/agents to disturb and interfere with my peace of habitation and ability to concentrate conditions of my injury PTSD.

(VII.) I/Plaintiff seeks compensatory damages from Defendant's in the amount of $100,000,000.00 for emotional and psychological harm, loss of income/back pay$420k, personal property damage loss, loss/ past future wage loss opportunities $300k for cause of Defendants illegal, intentional and collaborated actions.

(VIII.) Plaintiff seeks punitive damages from Defendant's in the amount of $300,000,000.00 Title VII.981, 1981(a) as stipulated by the court(s)/jury trial for the emotional and psychological harm, duress, distress, pain and suffering caused by Defendants illegal, intentional and collaborated actions and the concealment of violations of U.S. federal and NJ state statues against discrimination.

(IX) Plaintiff seeks compensatory damages from Defendants for pain and suffering in the amount of of $100,000,000.00 as stipulated by the courts for harm done by Defendant's collective illegal and collaborated actions causing injury.

**Certification of Plaintiff**

I Carmen Sexton, Pro Se Plaintiff declares under penalty of perjury that the foregoing is true and correct. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

22. I/Plaintiff will rely on and present the U.S. District court and Defendant(s) with documented NJDOC source evidence written statements submission and omission circulated emails, case law, court proceeding transcripts, medical/

treatment records labeled in the attached list of Exhibit (P1-P248) and submitted attached to this complaint and to be submitted to defendants/legal counsel in the exchange of discovery as determined by the court. I/Plaintiff upon court filing herein assert my claims against named defendants in the U.S. District Court of N.J. NJ for federal questions and as required by federal and state court(s) procedure to serve notice/waiver of service on all defendants/legal counsel named in this matter to the defendants/or their legal representatives named in this complaint. Having not received the complaint docket number or complaint summons from the U.S. District court clerk on December 8, 2021when the original complaint was filed and being told that the complaint had to first be scanned and entered into the computer system before being assigned a case number in order for me to receive a summon complaint and case number. After receiving

the summons complaint from the U.S. District NJ Clerk via mail on December 14, 2021 and having served the complaint, waiver of service summons, notice of waiver service to all named defendants under Case number 3:21-cv-20404-FLW-DEA. The original complaint filed on December 8, 2021 was amended on December 15, 20121 and again on December 27, 2021 with the U.S. District Court of N.J. Clerk to be served with required documents on all the named Defendant's individually.

I/Plaintiff having filed this complaint Pro Se agree to provide the Clerk's office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Signed this 27th day of DECEMBER, 2021

Printed name of Plaintiff CARMEN A. SEXTON, PRO SE

Signature of Plaintiff [signature]

Mailing Address: 625 Parkway Avenue, Ewing, New Jersey 08618

Telephone (609) 285-8280 Email csexton70@gmail.com

Notary

I Harshadkumar Patel a certified notary in the State of New Jersey affirms that Carmen A. Sexton appeared personally before me and presenting the foregoing document on 27th day of December 2021.

N.J. State Id. DL# S2975 11161 51702 Exp 01-03-2023

Notary I.D. Name/Business 50098409/Harshadkumar Patel Exp. 02/05/2024

Signature [signature] Date 12/27/2021

HARSHADKUMAR PATEL
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/5/2024

**NJ District Court- Dkt. No: 3:21-cv-20404-FLW-DEA- Exhibit List**

P1 NJDOC Report on progress Probationer February 25, 1997

P2 Sergeant promotion /Transfer NJSP 03/23/2013 Spec., 6pgs

P3 NJ Sup. Appell. DKT No. A2623-14T4, 3 pages

P4 Report harassment/retaliation Lt. S. Rogoshewski, 2/13/2014

P5 NJDOC EED claim/Retaliation, Lt. S. Rogoshewski, 03/23/2014, 5pgs

P6 NJDOC FMLA Leave request appoval May 27, 2014, 06/12/2014, 2pgs

P7 NJDOC-EEOC Retal. claim Lt. S. Rogogshewski, 02/13/2014, 5 pgs

P8 NJDOC-Report Unusual Incident- susp. Inmate mail, 10/25/2014

P9 NJDOC FLA Leave January 25, 2016, March 17, 2016

P10 NJDOC Minor Disc.Action, Lt. Sean Abrams, 08/6/2016

P11 Report harassment/retaliation, Lt Sean Abrams 09/13/2016, 2pgs

P12 Harassment/retaliation Lt. Sean Abrams, Sept. 19-20/2016, 2pages

P13 NJDOC Incident Inmate threat of harm, inmate Montas, Sept. 20/2016

P14 NJDOC SUBJECT incident -NJSP schedule Shift C- Oct. 05/2016

P15 NJSP Email Major D. Borg, Oct.05/2016 at 3:07am,3:15am, 3:21am

P16 NJSP Email Makor D. Borg email, Oct.05/2016 at4:15pm

P17 NJSP SCHEDULE Shift C dated Oct.06/2016

P18 NJSP Operations email denial overtime dated Oct.08/2016, 6:48am

P19 NJSP Denial Overtime Operations C.O. K. Myles, Oct.08/2016, 8:14pm

P20 NJSP Email scheduled CPR training C.O. Morton, Oct.10/2016

P21 NJSP email NJLESA union reps. Request for relief, 10/20/2016

P22 NJSP SID Report- Request help/inmate Montas, 10/26/2016

P23 NJSP Disc. sanctions inmate Montas, 9/22,27/2016, 2pgs

P24 NJSP email Major D. Borg, 10/28/2016, 2:33pm-10/5/2016 4:51pm

P25 NJSP SXHEDULE, Shift C, 10/7,8,11,19,21,28/2016-6pgs

P26 NJSP SCHEDULE Shift C, Nov. 2, 2016

P27 NJSP Report Anxiety Attack, leave treat.-11/2/2016

P28 NJSP Medical Treatment RN Bass, 11/2/2016, 2230pm, 2pgs

P29 RWJ Hospital Medical Emergency ,11/02/2016, 23:39pm, 25pgs

P30 NJ Employers report accident RWJ emerg. 11/02/2016, 2pgs.

P31 NJSP medical Release duty, 11/03/2016 4:15am

P32 RWJ Dr. Silverbrook primary,EKG, Psych.ref.,11/3/2016,10:30am, 4pgs

P33 NJ Div. Treasury/Risk Man.,accident claim denial , 11/03/2016

P34 RWJ primary FMLA Leave, Dr. Silverbrook, 11/7/2016,5pgs

P35 NJ Temp. Disability Benefits. Dr. Silverbrook, 11/7/2016, 8pgs

P36 NJSP Disciplinary action, 11/7/2016 cert. 11/3/2016

P37 NJDOC Appeal Major Disciplinary Action/NJSP 11/7/2016

P38 Psychologist Dr. J. Charauk, psych. Assmnt., 11/09/2016, 2pgs

P39 Treatment-Billing, Dr. J. Charauk Nov., 2016-Aug. 2017, 5pgs

P40 Lifeback psych.Records Req.. Teasley Nov. 2016- Apr. 2017-11pgs

P41 NJDOC/NJSP FMLA Leave req. appr., 11/30/2016

P42 Notice of required workers Comp. claim, 12/5/2016

P43 Cert. of contested workers comp. claim 12/08/2016

P44 Psych. Eval. Dr. Chaurauk, Jan. 24, 2017, 3pgs

P45 Letter counsel Michael Brottman, Esq., 02/08/2017, 3 pages

P46 Letter TO NJDOC/HR/EED, Dr. Charuk, 03/28/2017, 4pgs

P47 NJ Div. of Civil Rights Interv. verfied complaint, 04/04/2017,17pgs

P48 EED compl. filed 4/13/2017 NJSP17:04:003, Lt. B. McGowan, Lt. Richards,5pgs

P49 EED compl. filed 4/13/2017 NJSP17:04:004, Lt. s. Abrams, Lt. Ptaszenski, 5pgs

P50 EED complaint filed 4/13/2017 NJSP17:04:005, SCO Shulas, SCO Lenahan, 5pgs

P51 EED complaint filed 4/13/2017 NJSP17:04:006, Major Davin Borg,5pgs

P52 EED complaint filed 4/13/2017 NJSP17:04:007, named Admin.NJSP, 5pgs

P53 US/EEOC complaint filed 4/17/2017 Charge #524-2017-00674, 6pgs.

P54 NJDOC/NJSP grievance #17-09 filed April 17, 2017

P55 Email 04/18/2017 at 3:07pm Lt. Ptaszenki-NJSP Adm. rejected grievance #17-09

P56 NJDOC/EED letter schedule interview, 04/20/2017

P57 NJDOC/EED Interviews/Complainant Carmen Sexton

P57.1 NJDOC/EED Interview statement, 7pgs-May 2, 2017

P57.2 NJDOC/EED Interview 05/02/2017,14 pgs. (missing pgs 8-14)

P57.3 NJDOC/EED Interview

P57.4 NJDOC/EED interview May 3, 2017, 8 pgs, received incomplete

P57.5 NJDOC/EED interview May 3, 2017, 9 pgs rec. incomplete.

P58 Letter NJDOC HR Dir., NJDOC grievances #17-09 dated 05/10/2017

P59 May 16, 2016 Return to work-Dr. Silverbrook-NJSP Sched. 05/16-6/22/2017

P60 Grievances #17-09 amend. Resubmit. to NJDOC HR, 05/10/2017, 2pgs

P61 Email retal. Lt. Ptzsanski, NJSP Admin. threat transfer, 06/02/2017, 2:57pm

P62 Workers comp. claim#2016-30555 , auth. Treatment, June 6, 2017

P63 NJDOC/NJSP discipl. hearing June 6, 2017, decision June 22, 2017, 13pgs.

P64 Appeal NJDOC/NJSP disciplinary action #2016-185, June 27, 2017, 2pgs

P65 NJDOC/NJSP notice of 120 suspension/demotion June 22, 2016

P66 NJ Dept. Labor Unempl. Appeal tribunal decision, August 23, 2017, 4pgs

P67 Unemploy. statements June 2017 through week ending Nov.16, 2017, 3pgs.

P68 Workers comp. claim #2016-3055 closing motion treat/benefits 7/18/2017

P69 NJDOC Tamara Rudrow Notice of counsel -OAL #2017-4081, 4pgs

P69.1 NJDOC /NJSP Investi. Report -Inci.10/5/2016,3pgs.-Sean Abrams

P69.2 Staff Interview- SCO Zeban, Rep. SCO Schulas, 10/6/2016

P69.3 Witness Interview-SCO Robert Feldman, Rep. SCO Schulas,10/6/2016

P69.4 Witness Interview-Rason Campbell, Rep. SCO Schulas, 10/18/2016

P69.5 Witness Interview-SCO William Clavell, Rep. SCO Schulas.10/6/2016

P69.6 Staff Member Interviewed- SCO L. Lenahan, SCO Schulas,10/18/2016

P69.7 Staff Member Inteviewed-Joe Reardon, Rep. SGT. Defazio, 10/13/2016

P69.8 Staff Interview-SGT Mariconda, Rep. SGT. DeFazio, no date

P69.9 Accused Interview-SGT Carmen Sexton, Rep. Sgt. DeFazio, 10/18/2016

P69.10 Staff Interview-Lt. Calvin Spires, Rep. Lt. Ptaszenski, 10/26/2016

P70 NJDOC Leave Ext. Dr. Syed Ali 11/15/2017(11/02/2017-1/02/2018)

P71 Letter/email Div. Risk auth. Temp. disability benefits, 12/04/2017, 2pgs

P72 NJDOC Ext Leave-Dr. Syed Ali 12/13/2017 (12/18/2017- 01/22/2018)

P73 NJDOC Ext. Leave Dr. Syed Ali, Feb. 2018

P74 NJDOC Ext. Leave Dr. Syed Ali, March 14,2018(03/20-06/11/2018)

P75 Status Inquiry 2/20/2018 to NJDCR-Mr. Atley complaint filed April, 2017

P76 NJDOC/EED decision 04/02/2018 five named def. filed 04/13/2017,7pgs

P77 US/EEOC-Newark dismissal Notice of Rights letter 05/09/2018, 2pgs

P78 Letter NJDCR letter of request to appeal, 05/14/2018

P79 Status Inquiry NJ Civil Service Appeal-Mr. K. Tartaglia, 05/15/2018, 8pgs

P80 USEEOC letter- req. for substantive weight review/reconsid. 06/01/2018

P81 Letter NJ Civil Service appeal CVS Dkt. No:2018-3071. 6/6/2018,4pgs

P82 Status Inquiry-NJDCR .-Mr. Atley NJDOC April, 2017, 7pgs., 2pgs

P83 Status Inquiry NJDCR 06/29/2018, evidence list 9pgs

P84 *US/EEOC Subpoena NJDOC 02/12/2018,3pgs (-File Discl. July 2,2018)

P85 *US/EEOC-NJDOC charge of discr.04/25/2017, (File discl.,3pgs)

P86 Letter NJDCR letter 07/18/2018 of status complaints filed April, 2017, 2pgs

P87 US/EEOC Request Files 07/18/2018, 2pgs

P88 Letter NJDOC/EED/USEEOC-07/23/2018,4pgs

P89 *NJDOC/EED response to letter 07/23/2018, 2pgs-(undisclos.position)

P90 OAL Sum. Judg. to dismiss denied Tamara Rudrow,Esq 07/16/2018, 11pgs

P91 NJDCR Letter to withdrawal complaint, dated 07/19/2018

P92 *NJDCR File disclosure-NJDOC Document info request 5/26/2017,4pgs

P93 Letter NJDCR req. to preserve case file/withdrawal notice, 7/23/2018,2pgs

P94 Letter, Civil Service appeal withdrawal 07/23/2018

P95 Letter NJDCR request correction date stamp error, 07/30/2018

P96 NJ Civil Service appeal withdrawal response, 07/31/2018

P97 Email Crivelli, Esq, Init. Crim. Mercer Cty. Pros. 10/25/2018,3pgs

P98 Letter Mercer Cty. Pros.-OAL court delay hearing, 10/24/2018

P99 NJDOC/Leave Ext work. comp. Dr. Ali cert, 11/06/2018,7Pgs

P100. NJDOC-Marie Mills letter harr., 11/26/2018

P101. NJDOC Leave Ext Approval, 11/30/2018, (11/03/18-01/3/2019)

P102. Letter Req. treat./ext. Leave Appr. 12/06/2018(11/07-1/3/2019)2pgs

P103. Letter NJDOC leave Ext inquiry, 12/26/2018, Jan.3.2018 (2pgs)

P104. Letter NJDOC leave Ext, inquiry, Jan.3,2019(01/04/2019-01/31/2019)

P105. Ewing Twp. Police I2019001294 report of harass. Jan. 14, 2019 at 12:33pm, 2pgs

P106. *NJDOC harass/denial leave time, Leave ext. physician, Jan. 30, 2019

P107. NJDOC Leave Ext approval, 02/05/2019, (01/31/2019-02/27/2019)

P108. Ewing Twp. Police #I2019003553 report harass., 02/05/2019 at 13:06pm, 2pgs

P109. Ewing Twp. Police #I2019003558 report help/sick. 02/05/2019 at 13:25pm, 2pgs

P110. Capital health emer. treatment 02/05/2019 at 13:26 Dispatch Amb.,3pgs

P111. Capital health emer. treat. report 02/05/2019, EKG, Discharge. 21pgs

P112. Email Ewing Twp police inquiry of inc./missing info. 02/6-9/2019,5pgs

P113. Perlman Borden Salisbury agent-John Doe harass. Photos 02/05/2019

P114. Email M. Brottman, Esq to DAG Cheryl Ward, harass., 02/08/2019 at 1:58pm

P115. Email Brookdale college off. Dononvan, report harass., 02/09/2019 at 9:44am

P116. Pictures agent Brookdale college Raritan NJ, Pat diner Trenton, NJ

P117. Brookdale college class withdrawal receipts 01/28/2019

P118. Ewing Twp. Police report #I2019004022 vehicle vandalism, 02/10/2019,2pgs

P119. Hamilton Twp. 911 call request. in discovery 2019, 2020, 2021

P120. NJ Dept. Human Serv. Outreach Police trans./sup. 2/12/2019 at 09:05am

P121. Capital Health Crisis/ Invol. Comm. 2/12/2019-2/15/2019 *records request

P122. Transfer Ancora P. H. Rec. req. Feb/15/2019-March 4, 2019

P123. Detainer Feb. 15, 2019 at 10:00am Ancora P.H.

P124. NJ Dept. Human Service Mental health request of records

P125. NJ Supe. Ct. Crim.Div. Pretrial Rel.#W20190003091103 3/4/2019, 3pgs

P126. Comp. Warrant Proc. Mercer Cty. Sher. March 5, 2019, 8pgs

P127. NJ Firearm purchaser permit/Reg.#1301035,06/28/2013, 4/3/2013

P128. NJDOC Letter Req. Leave Invol. Hosp., March 5, 2019

P129. *NJDOC L/Ext. cert., Dr. Bajwa-Ancora P.H., 03/04/2019,6pgs

P130. Scheduled appoint/ workers comp. psychiatrist/therapist

P131. Property/cell phone not returned Ancora P. H. 03/06/2019

P132. NJ Div. Risk. Naqeeb Abidi, Medical Record Release,03/07/2019

P133. NJ Div. Risk Capital Health, Ancora P.H., 03/07/2019, Abidi

P134. *Dr. Note-treatment-March 12/2019- Dr. Syed Ali,

P135. *NJDOC L/Ext leave request cert. Dr. Syed AIi, 03/18/2019, 6pgs

P136. NJDOC L/ Ext approval, 03/20/2019, (02/28/2019-03/15/2019)

P137. NJDOC HR letter-Marie Mills to retire, 03/19/2019

P138. Email/letter Crivelli, Esq. Harass./safety/OAL case, 03/19/2019, 4pgs

P139. NJDOC/NJSP Notice of Discipl. 03/20/2019, (02/12/2-10-03/04/2019)

P140. *NJDOC/Leave Ext. Dr. Teasley, 03/22/2019(3/22/2019-11/23/2019)5pgs

P141. Horizon Cas.-Terri Billows/Div. Risk Dr. Ali Notes, 03/25/2019, 4pgs

P142. March 21, 2019-Treatment Lifeback , Dr. Teasley

P143. Email M. Brottman, Esq./Div. Risk-March 29,2019-April 17, 2019

P144. *Email M. Brottman/Div. Risk, N. Abidi, March 29, 2019, 12:52pm,

P145. Email Div. M. Brottman, Esq/ Div. Risk N. Abidi, April02-05/2019, 3pgs

P146. Email, Crivelli/Barbati,/Tamara Rudrow -Mercer Cty Pros..,04/06/2019, 3pgs

P147. NJDOC/NJSP pre-termination docs./Invol. Com., March 26,2019. 3 pgs

P148. Entry-IOP/Women's Trauma/Penn Medicine,April 08, 2019, 4pgs

P149. Term. Temp. Dis. Ben., Div. Risk Man., N. Abidi, 04/17/2019, 4pgs

P150. Motion reinstate Temp. Ben./Cert., M. Brottman,April 23, 2019.3pgs.

P151. Respondent-Div. Risk-Ans. Motion Reinst. Temp. disab. Benf.

P152. Email R. Lord. Esq/NJDOC/V. Kuhn, Esq. Hear. 04/25/2019.4 pgs

P153. Response Comp. harass. Senator Shirley Turner, 07/11/2019,2pgs

P154. IOP Women Trauma Penn Med.Prog.Rec. discharge 07/17/2019,70pgs

P155. US/EEOC-Newark filed compl. #5242020001552, 10/24/2019, 3 pgs.

P156. US/EEOC-Newark Complaint amend. #524202000152, 10/28/2019, 4 pages

P157. US/EEOC-Newark Dismissal/Notice of Rights #524-2020-00152, 10/30/2019

P158. US/EEOC-PA ADA-complaint #530202000599. Nov.4, 2019,6pgs

P159. US/EEOC-Phila. Dismissal/Notice of Rights #530202000610, 11/07/2019

P160. *NJDOC L/Ext. Cert. Dr. Syed Ali, Nov.2019(11/01/2019-12/16/2019) 6pgs

P161. US/EEOC-Phila. Dism./Notice of Rights #530202000599, 11/8/2019

P162. NJDOC L/Ext. Cert Dr. Teasley 12/03/ 2019,6pgs

P163. NJDOC L/Ext. Cert. Dr. Syed Ali, 12/10/2019(06/30/2020)6Pgs

P164. Letter report harass., Ewing Twp. Mayor Steinman, 12/20/2019

P165. Letter report harras. Incident. Mercer Ct. Sher. Det. Seals, 12/20/2019

P166. Letter report harras. Mercer Cty Exec. Brian Hughes, 12/26/2019, 4pgs

P167. Bankruptcy-CHAP. 13 filed Jan 3, 2020, #20-10054-MBK

P168. NJDOC L/Ext Cert. Dr. Syed Ali, 01/07/2020,1 pg. add cert 12/11/2019

P169. NJDOC L/Ext. Cert. Dr. Syed Ali, 02/02/2020, 2pgs, Re: add cert 12/11/2019

P170. NJDOC L/Ext. Cert. Dr. Teasley, March 3, 2020, 7pgs

P171. NJDOC L/ Ext. Cert. Dr. S. Ali, March 04, 2020

P172. NJDOC L/Ext. Cert. Dr. S. Ali, April 01, 2020

P173. Workers Comp, ALJ Shanahan decision April 8, 2020, 11pgs

P174. Workers Com. ALJ Puma Order May 1, 2020

P175. Motion recon. M. Brottman,Esq. 05/11/2020

P176. NJDOC L/Ext. Cert Dr. Syed Ali, 05/04/2020, 2pgs, Re: add cert 12/11/2019

P177. Horizon Cas. Dr. Ali PT. Work stat.,05/11/2020, 2pgs,Re: add cert.12/11/2019

P178. Resp. Div. Risk Ans. Motion/Partial recons. E-filed 07/28/2020

P179. Release M. Brottman, Esq., May 15, 2020, 2pgs.

P180. Motion partial recons./Exhibits and list filed, Pro se May 15, 2020, 80pgs

P181. Div. Risk-Dr. Syed Ali,Progress Notes, Jun.01/2020, 6pgs.,Re: add cert, 12/1

P182. State NJ Police report harras, June 11, 2020, 6pgs

P183. NJDOC L/Ext. Dr. Syed Ali, 06/29/2020, 5pgs (07/01/2020-12/31/2020)

P184. Letter affirm. Release of counsel M. Brottman, Esq.,07/16/2020

P185. NJDOC Leave Ext. Dr. Syed Ali, -7/22/2020, 3pgs, Re: add cert 06/29/2020

P186. OAL Notice Appearance, Tucker Moore Law,July 31, 2020, 7pgs

P187. Indictment NJ Superior Court #20-08-0250i, August 6, 2020

P188. August 6, 2020 Motion to Dismiss partial recon. filed 05/11/2020, 10pgs

P189. Application for Emergent Motion, August 12, 2020, 5pgs

P190. Notice of Motion to Stay Pending Appeal filed August 12, 2020,8pgs

P191. NJDOC L/Ext. Dr. Syed Ali, August 19, 2020, 5pgs,

P192. Patient assessment Treatment Dr. Syed Ali, August 19, 2020, 7pgs

P193. Div. Risk-DAG C. Emery-ALJ Letter/Exhibits 08/26/2020

P194. Pet.-ALJ.-Div. Risk, Exhibit List,Cert.,Brief,8/28/2020, 11pgs

P195. Sept. 1, 2020 Trans. Work. Comp Hearing-Dr. Ali, 63pgs

P196. Div. Work. Comp. ALJ Shanahan Consent Order-Sept. 02, 2020

P197. Arraign. NJ Super. Ct.-Hon. Pereksta-9/22/2020- Indict#20-080250I,3pgs

P198. PTI information appli. Zanaib Ali, Esq., Oct.02/2020,5pgs

P199. PTI Issues/cond. of guilt plea Oct. 03/2020, 27pgs

P200. T1-Notice Interview, Martha Taylor Oct. 26, 2020

P201. NJ Weapons reg/cert.#1301035Zainab Ali, Esq. Oct.30/2020,4pgs.

P202. PTI-Issues of guilty plea Z. Ali, Esq., Non.09/2020, 3pgs

P202a. AG Uniform Guidelines on PTI Program, March 01, 2016, 7pgs

P203. NJ Super. Ct./Trans. Req.-Judge Pereksta Indict. #20-08-0250I, 11/10/2020

P204. NJ Super. Ct./Trans. Req. Hon. Pereksta, Indic.#20-08-0250I, 11/20/2021

P205. NJ Super. Ct./Trans. Req. Hon. Pereksta, Indic.#20-08-0250I, 01/08/2021

P206. NJ Super. Ct./Trans. Req. Hon. Pereksta, Indic. #20-08-0250I, 01/29/2021

P207. Report/Harass. Lawrence POLICE#212487-OF, 02/06/2021

P208. NJ Super. Ct./Trans. Req. Hon. Pereksta, Indic.#20-08-0250I,03/03/2021

P209. NJ Sup. Ct./Trans. Req. Hon. Pereksta, Indic. #20-08-0250I,03/30/2021

P210. Charles Tucker, Esq,-Issues Req. Mot./Suppress Evi./03/302021, 6pgs

P211. Charles Tucker, Esq.-April 04, 2021-Insanity Plea cause-2/12/2019

P212. NJ Sup. Ct./Trans. Req. Hon. Pereksta, Indic.#20-08-0250I, 04/15/2021

P213. PTI App. 04/16/2021, Greg Smith, Esq. dated Nov.09, 2020, 16pgs

P214. Email-PTI-Conditions/Order, April 20, 2021, 3pgs

P215. PTI- Standards and Conditions of PTI, Aug. 19, 2021

P216. PTI-Order April 20, 2021

P217. PTI-Pretrial Intervention Order of Postponement, April 16, 2021

P218. PTI-Psych. Eval, work status (P-,, May 6, 2021, 10pgs

P219. PTI-Community Service completion, May 25, 2021, 3pgs

P220. PTI-Fine Satisfied, June 30, 2021, 4pgs

P221. Report Vandalism, Falls Twp. Pol.-7pgs

P222. NJDOC Leave Ext Dr. Syed Ali, 9/16/2020

P223. NJDOC L/Ext. Dr. Syed Ali, 10/14/2020

P224. NJDOC L/Ext. Dr, Syed Ali, 11/11/2020

P225. NJDOC L/Ext. Dr. M. Teasley, 12/4/2020

P226. NJDOC L/Ext. Dr. Syed Ali, 12/09/2020

P227. NJDOC L/Ext. Dr. Syed Ali, 01/11/2021

P228. NJDOC L/Ext. Dr. Syed Ali,02/09/2021

P229. NJDOC L/Ext. Dr. Syed Ali,03/09/2021

P230. NJDOC L/Ext. Dr. Syed Ali, 04/06/2021

P231. NJDOC L/Ext. Dr. Syed Ali, 05/04/2021

232. NJDOC L/Ext. Dr. Syed Ali, 06/02/2021

P233. NJDOC L/Ext. Dr. Syed Ali, 06/30/2021

P234. NJDOC L/Ext. Dr. Syed Ali, 07/28/2021

P235. NJDOC L/Ext. Dr. Syed Ali, 08/25/2021

P236. NJDOC L/Ext. Dr. Syed Ali, 09/22/2021

P237. NJDOC L/Ext. Dr. Syed Ali, 10/20/2021

P238. NJDOC L/Ext-Dr. Syed Ali, 11/17/2021

P239. CVS Prescription Med 2016-2021

P240. NJDOC Leave Ext Dr. Syed Ali, Dec. ,2021

P241. Lifeback Treatment Records

P242. U.S. District Court Case Case 3:20-CV-01703 FLW-ZNQ, 11/2020, Tucker Moore Law counsel December 2020, Hon. Z. Quraishi

P243. Pt. Correspondence Dr. Syed Ali 2020, 2021

P244. Client Correspoindence Tucker Moore Law Group-Charles Tucker

P245. NJDOC/NJSP Overtime slips

P246. OAL Case Dkt# correspondence 2018,2019,2020 present

P247. Threat/harm-vehicle Accident Report Lawrence Twp. 11/16/2021

P48 SC Complaint harassment CBIZ 12/13/2021